PATRICIA MILLER *v*. CREDIT BUREAU OF WARRICK COUNTY.

[No. 1-1272 A 105. Filed May 30, 1973.]

*Donald R. Ewers, Bates, Ewers and Davis,* of Evansville, for appellant.

*C. Dickson Faires, Jr., White, Raub, Reiss & Wick,* of Indianapolis, for appellee.

ROBERTSON, P.J.—The plaintiff-appellant (Miller) is appealing the dismissal of her complaint against the defendant-appellee (Credit Bureau).

Miller's complaint, which was in the form of a TR. 23 class action suit, alleged that the Credit Bureau was engaged in the unauthorized practice of law by prosecuting suits which took the property and garnished the wages of Miller, and others, and that the Credit Bureau unlawfully refrained from remitting these funds to Miller and others of the class. Punitive damages in an unspecified amount and a sum equal to the amount wrongfully taken from the class constituted the relief sought by the complaint.

Credit Bureau filed a motion in five parts, one of which sought dismissal for failure to state a claim upon which relief can be granted because Indiana does not recognize the alleged theory supporting Miller's claim. The trial court sustained that portion of Credit Bureau's motion pursuant to TR. 12(B)(6) by specifically finding that Miller failed to state a claim.

Miller's overruled motion to correct errors contains a dual general allegation of error of law on the part of the trial court in sustaining the motion to dismiss. The motion to correct errors contained no memorandum or argument.

Upon receiving the case this court examined the briefs and ordered the case rebriefed for the purpose of allowing Miller to pursue her argument regarding the trial court's ruling that there was a failure to state a claim upon which relief could be granted. Miller's original brief was directed to argument relating to TR. 23 class actions. Miller's amended brief is still dedicated to the same proposition, except for a page and a half in the argument section. We are of the opinion that any question regarding TR. 23 is not germane to the issues of the appeal as framed by the pleadings and the court's ruling.

In her amended brief, Miller directs us to three statutes, IC 33-1-5-1, IC 33-1-5-2, and IC 34-1-60-1, the same respectively being Ind. Ann. Stat. § 4-7401, § 4-7402, and § 4-7404 (Burns 1968). The first two define the criminal offense and penalty for the unauthorized practice of law, and the latter states: "A civil action may be prosecuted or defended by a party in person or by attorney, except that a corporation appears by attorney in all cases." We are also directed to 1967 Op. Att'y. Gen. 362, which is followed by Miller's conclusion that if a person is guilty of the aforementioned misdemeanor it follows that property was unlawfully attained.

Miller does not persuade us that the foregoing constitutes authority for a civil cause of action.

"The law remains, however, that the burden does not fall upon an appellee to defend his judgment; rather it is incumbent upon an appellant to clearly demonstrate that under the facts and the applicable law, error was committed entitling him to reversal. Appellant here * * * has not met that test." *Allied Structural Steel Company* v. *State* (1970), 148 Ind. App. 283, 265 N.E.2d 49, at 56-57.

Furthermore, we are of the opinion that questions revolving about the subject matter of the unauthorized practice ■ of law do not fall within the jurisdictional ambit of the Court of Appeals, but instead rests with our Supreme Court. AP. 4(A) (3).

Deciding as we have, it is unnecessary to discuss the Credit Bureau's arguments regarding Miller's failure to comply with TR. 59(B) and AP. 8.3(A) (7), except to note in passing they appear to be well-founded.

Judgment affirmed.

Lowdermilk and Lybrook, JJ., concur.

NOTE.—Reported at 296 N.E.2d 673.