NATIONAL CITY BANK, INDIANA, f/k/a Merchants National Bank and Trust Company of Indianapolis, and Philip F. Boberschmidt, Trustee in Bankruptcy of 3200 North Meridian Medical, Limited, Appellants (Plaintiffs below),

v.

Douglass R. SHORTRIDGE, Douglass R. Shortridge, P.C., James R. Martin, and Martin & Beck, an Indiana partnership, Appellees (Defendants below).

No. 33S05–9712–CV–685.

Supreme Court of Indiana.

Feb. 9, 1998.

## ORDER

On December 31, 1997, the Court issued its opinion in this case. *National City Bank, Indiana v. Shortridge*, 689 N.E.2d 1248 (Ind.1997). A brief summary of the facts and holding is sufficient for purposes of this order. In 1984, appellant bank made a construction loan, secured by a real estate mortgage, to a group known as 3200 North Meridian Medical. Later that year, a laborer was severely injured while at work on the construction project. Appellees brought a personal injury action against 3200 North Meridian Medical on behalf of the injured laborer. Appellees also filed a lis pendens notice against the real estate. A trial court ruled that this was improper and ordered the notice removed. Appellees then pursued a second lis pendens, the existence of which appellants contend caused a prospective sale of the real estate to collapse. Appellants then brought this action for abuse of process. The trial court granted summary judgment for the appellees but this Court

held that these facts made out a case for abuse of process sufficient to survive summary judgment.

This Court's opinion was issued by a 3–2 vote. On January 5, 1998, counsel for the appellees filed a motion with this Court requesting that the Court disqualify one of the justices who voted with the majority. The motion also requests that the opinion be vacated and the decision below affirmed on the theory that this Court would then be evenly divided. *See* Ind.Appellate Rule 11(B)(5).

As a matter of appellate procedure, appellees' motion is not well taken in two respects. First, it is not the province of this Court to disqualify one of its members; any recusal decision is made by the individual justice. Second, once a decision in a matter has been rendered, the affirmative vote of three justices is required to set aside or otherwise modify that decision. For these reasons alone, appellees' motion is denied.

The motion to disqualify avers that the justice whose disqualification is sought had a conflict of interest arising from the justice's prior employment. This Court finds this claim to be meritless and utterly devoid of all plausibility. *See Orr v. Turco Mfg. Co., Inc.,* 512 N.E.2d 151, 153 & n. 3 (Ind.1987). The justice whose disqualification is sought was an associate at a law firm which was retained by the primary and excess liability insurance carriers for 3200 North Meridian Medical in the personal injury action referred to in the first paragraph of this Order. It is also claimed that this firm represented the prospective lender to the prospective purchaser of the real estate. However, there is no suggestion that the justice whose disqualification is sought was in any way involved in any of these matters or was aware of them. Nor are any of the parties represented by the law firm in those collateral proceedings (*i.e.,* the personal injury action and the prospective real estate sale) parties to this action. Nor is the law firm itself involved in this action.

It has been noted that counsel may not "lie in wait," raising an issue of recusal only after learning of a court's ruling on the merits. *Tyson v. State,* 622 N.E.2d 457, 460 (Ind.1993) (statement of Shepard, C.J., citing *Phillips v. Amoco Oil Co.,* 799 F.2d 1464

(11th Cir.1986)). This situation provides a particularly object lesson why. The connection between the justice whose disqualification is sought and the case is so attenuated that no judicial officer could reasonably be expected to identify the potential for recusal without the issue being raised by counsel.

Because the Court finds appellees' claim to be meritless and utterly devoid of all plausibility, the Court orders the trial court on remand to impose upon appellees the reasonable cost of appellants' defense of this motion. *See Orr,* 512 N.E.2d at 153. Such costs shall be imposed against Douglass R. Shortridge and E. Davis Coots, the signatories to the motion, in such proportion as the trial court deems appropriate.

All Justices concur except SELBY, J., who is not participating in this disposition.