Cynthia WATSON, Appellant–Plaintiff,

v.

AUTO ADVISORS, INC. and T.G. Klota, Appellees–Defendants.

No. 49A02–0312–CV–1053.

Court of Appeals of Indiana.

Feb. 18, 2005.

Transfer Denied June 21, 2005.

Clifford W. Shepard, Indianapolis, IN, Attorney for Appellant.

Forrest Bowman III, Bowman Cosby & Bowman, Indianapolis, IN, Attorney for Appellees.

## OPINION

MAY, Judge.

Cynthia Watson appeals the trial court's grant of the motion to dismiss filed by Auto Advisors Inc. and Thomas G. Klota. Watson's complaint alleged the failure of Auto Advisors and Klota to be represented by an attorney in a previous small claims court action against Watson rendered the small claims court's judgment in favor of

Klota void and rendered his small claims action against her malicious prosecution, abuse of process, statutory deception, a frivolous action, unauthorized practice of law, and a violation of the Federal Fair Debt Collection Practices Act ("FDCPA"). Watson raises one issue, which we expand and restate as:

1. Whether the trial court erred in dismissing Watson's claim to the extent it requested the court declare void a prior small claims court judgment in favor of Klota; and

2. Whether the trial court erred in dismissing Watson's claim to the extent she asserted the defendants brought a frivolous lawsuit, violated the FDCPA, and committed unauthorized practice of law, malicious prosecution, abuse of process, and statutory deception.

We affirm.

## FACTS AND PROCEDURAL HISTORY

Auto Advisors is a corporation engaged in the business of selling used automobiles, with its primary place of business in Marion County, Indiana. On May 1, 1998, Karla T. Klota ("Karla"),[1] the Secretary/Treasurer of Auto Advisors, filed a "Corporate Resolution" in the Lawrence Township Division of Marion County Small Claims Court. The document read:

> Please be advised that any and all Indiana Retail Contract[s] and Security Agreement Contracts between Auto Advisors Inc. and "Buyer" that are in Default are Assigned to T.G. Klota or Thomas G. Klota for collection and or Disposition of said Contract. All contracts are assigned WITHOUT RECOURSE and the terms as stated remain the same.
>
> I swear or affirm that the information I have entered onto this form is correct. I understand that making a false statement on this form may constitute the crime of perjury.
>
> //Signed//
>
> Karla T. Klota
>
> Secretary/Treasurer

(Appellant's App. at 23.) Klota is the "owner of and registered agent for Auto Advisors." (*Id.* at 9.)

Thereafter, Watson purchased a 1994 Cadillac from Auto Advisors.[2] On January 7, 2003, Klota filed a Notice of Claim against Watson in the Lawrence Township Division of Marion County Small Claims Court seeking damages from Watson for breach of the purchase contract for the Cadillac. Watson filed a motion to dismiss claiming: 1) Klota could not bring the suit because he was not an attorney as required by Small Claims Rule 8,[3] 2) the Bureau of Motor Vehicles found the sale of the car was not a valid sale, 3) Auto Advisors had never delivered the car's title to her, and 4) the car's title still indicated the car belonged to the owner prior to Auto Advisors. The Small Claims Court denied Watson's motion to dismiss, conducted a bench trial on April 30, 2003, and entered

---

1. The record does not indicate the relationship, if any, between Karla and Klota.

2. The contract is not in the record provided to us, and we did not find a reference to the contract date in any of the documents that were provided.

3. Watson actually cited Trial Rule 8, which deals with "General rules of pleading."

From the context of the citation, in which Watson was discussing whether Klota's representation of Auto Advisors in Small Claims Court was an invalid attempt to skirt the rule, we presume she meant Small Claims Rule 8, which requires a corporation to be represented by an attorney unless specific exceptions apply. *See* S.C.R. 8(c).

a $4,846.00 judgment in favor of Klota that same day.[4] Watson did not appeal that judgment.

On May 7, 2003, Klota filed a motion for proceedings supplemental in the Small Claims Court to collect the money from Watson. That day, the court issued an order for Watson to appear on June 18, 2003. The record before us does not indicate what became of the proceedings supplemental.

On July 1, 2003, Watson filed her complaint in the Marion Superior Court against Auto Advisors and Klota, alleging the Small Claims Court's judgment in favor of Klota was void.[5] She claimed: (1) Auto Advisors improperly assigned her debt to Klota to circumvent Small Claims Rule 8, which prevented Auto Advisors from appearing *pro se;* and (2) Klota was acting as either a collection agency or a debt collector, both of which are required by law to be represented by an attorney. Based on her belief an attorney was required to bring the small claims action against her, Watson alleged the Small

Claims Court's judgment against her was void. In one sentence she also asserted: "Auto Advisors and Mr. Klota have perpetrated various statutory torts upon many other Hoosier consumers." (*Id.* at 8.) Watson requested the following relief:

> The judgments that Mr. Klota has taken on contracts that were purportedly assigned to him after default are void and should be held for naught and any money collected premised upon these void, illegal judgments should be disgorged, with interest, with penalties as provided for under INDIANA CODE 34–24–3–1 [6] or INDIANA CODE 34–52–1–1,[7] or both, and attorney's fees, as provided for by these same statutes or pursuant to the Court's inherent powers.

(*Id.*) (formatting original) (footnotes added). In addition, she asked that the underlying cases be "dismissed, *with* or without prejudice." (*Id.* at 18) (emphasis original).

On September 2, 2003, Auto Advisors and Klota moved to dismiss Watson's com-

---

4. The Small Claims Court found Watson owed $4,346.00 on the contract and awarded $500.00 for damages.

5. Watson's complaint sought to have the cause certified as a class action brought on behalf of a class initially defined as:

> 1) All consumers against whom T.G. Klota or Thomas G. Klota filed a civil action in any court, whether reduced to judgment or a settlement or not.
> 2) Where such claims were originally owed to a person or entity other than T.G. Klota or Thomas G. Klota, irrespective of the amount of such claims.
> 3) In which suits T.G. Klota or Thomas G. Klota was not represented by an attorney at law licensed to practice law in the State of Indiana at the time of the filing of the Notice of Claim or at the time of the entry of any judgment or the agreement of settlement.

(Appellant's App. at 9.) As the trial court dismissed Watson's complaint, it never reached

the appropriateness of Watson's request for class certification.

6. Ind.Code § 34–24–3–1 provides: "If a person suffers a pecuniary loss as a result of a violation of IC 35–43, IC 35–42–3–3, IC 35–42–3–4, or IC 35–45–9, the person may bring a civil action against the person who caused the loss" for punitive damages, costs of the action, attorney fees, and other enumerated items. Wilson claims Klota committed various torts and the "unauthorized practice of law" in violation of Ind.Code § 33–1–5–1 and Ind.Code § 25–11–1–12. As Ind.Code § 34–24–3–1 provides civil recovery for victims of certain crimes, its relevance is not apparent.

7. Ind.Code § 34–52–1–1 provides for recovery of costs by the prevailing party and recovery of attorney fees for a prevailing party when enumerated conditions exist. Watson has not yet been the prevailing party in any court, so she has not yet been entitled to attorney fees under that statute.

plaint pursuant to Ind. Trial Rule 12(B)(6), contending she had failed to state a claim for which relief could be granted. Watson responded by asserting she had stated facts sufficient to find the small claims court's judgment void and to find defendants violated the FDCPA, brought a frivolous lawsuit, and committed malicious prosecution, abuse of process, unauthorized practice of law, and statutory deception. On October 15, 2003, the trial court granted the motion to dismiss, and Watson initiated this appeal.

## DISCUSSION AND DECISION

Under T.R. 12(B)(6) a trial court's grant of a motion to dismiss is proper if the facts alleged in the complaint are incapable of supporting relief under any set of circumstances. *Lawson v. First Union Mortgage Co.*, 786 N.E.2d 279, 281 (Ind.Ct.App.2003). In making this determination, the court must look only to the complaint and may not resort to any other evidence in the record. *Id.* When ruling on a T.R. 12(B)(6) motion, the court should consider all of the allegations in the complaint to be true. *Detterline v. A.P. Bonaventura*, 465 N.E.2d 215, 216 (Ind.Ct.App. 1984), *reh'g denied, trans. denied*. Additionally, such a motion should be viewed in the light most favorable to the non-moving party by resolving all inferences in the non-moving party's favor. *Id.*

Our review of a dismissal pursuant to T.R. 12(B)(6) is *de novo*, requiring no deference to the trial court's decision. *Sims v. Beamer*, 757 N.E.2d 1021, 1024 (Ind.Ct.App.2001). Viewing the complaint in the light most favorable to the non-moving party, we must determine whether the complaint states any facts on which the trial court could have granted relief. *Id.* If a complaint states a set of facts that, even if true, would not support the relief requested therein, we will affirm the dismissal. *Id.* We may affirm the grant of a motion to dismiss if it is sustainable on any theory. *Id.*

1. *Attempt to Invalidate Small Claims Court Judgment*

Watson claims she:

has stated a claim for which relief can be granted because Ms. Watson and the putative class would be entitled to: (i) a declaration that the Judgments of the underlying Small Claims Court taken by Mr. Klota on behalf of Auto Advisors are void; ... and (iii) restitution for any amounts collected as a result of the void Judgments.

(Appellant's Br. at 18.) We disagree.

Judgments of a small claims court are "subject to review as prescribed by relevant Indiana rules and statutes." S.C.R. 11(A). Ind.Code § 33–11.6–4–14 (2003), which governed appeals from Marion County Small Claims Court until its recent repeal, *see* P.L 98–2004, § 164, provided "All appeals from judgments of the small claims court shall be taken to the superior court of the county and tried de novo." That statute also indicates the procedural rules for the appeal are established by the superior court. Ind.Code § 33–11.6–4–14.

Marion Superior Court Rule 81.1(C)(1) provides: "Any party may appeal from the judgment of the Marion County Small Claims Court to the Marion Superior Court, within sixty (60) days from its entry...." The Small Claims Court entered judgment against Watson on April 30, 2003, and she filed her complaint against Auto Advisors and Klota on July 1, 2003, which was sixty-two days after the Small Claims Court's judgment. Therefore, Watson procedurally forfeited her right to directly challenge the Small Claims Court's judgment in favor of Klota when

she failed to timely initiate an appeal in Marion Superior Court.[8]

■ The question before us, then, is whether Watson may attack the validity of the Small Claims Court's judgment by filing an *independent* action in the Superior Court. The Small Claims Rules provide: "A judgment shall be res judicata only as to the amount involved in the particular action and shall not be considered an adjudication of any fact at issue in any other action or court." S.C.R. 11(F). Our supreme court has explained:

> The rule, however, does not allow a party to relitigate a claim upon which judgment has been entered in a small claims case. *Cook v. Wozniak*, 500 N.E.2d 231, 233 (Ind.Ct.App.1986), *adopted and affirmed*, 513 N.E.2d 1222 (Ind.1987) ("[to permit] a plaintiff who recovered nothing in a small claims action to sue again on the same claim in another court would be 'sheer futility.' "). Instead S.C.R. 11(F) was intended primarily to "limit issue preclusion where some fact in the small claim action is at issue in another case," and to "also apply to claim preclusion to the extent that claim preclusion would ordinarily bar all matters which might have been litigated but were not actually litigated in the small claims action." *Cook* at 233.

*In re Ault*, 728 N.E.2d 869, 872 (Ind.2000) (footnote omitted). Because Watson had the opportunity to litigate in the Small Claims Court whether, pursuant to her contract to purchase the Cadillac from Auto Advisors, she owed money and how much, she may not relitigate those issues in a second action. *See Cook*, 500 N.E.2d at 233 (holding small claims judgment awarding damages for car accident was *res judicata* for a second claim for damages from the same accident brought in circuit court). The trial court did not err when it refused to allow Watson to collaterally attack the validity of the Small Claims Court's judgment in favor of Klota. *See id. See also Spears v. Brennan*, 745 N.E.2d 862, 872 (Ind.Ct.App.2001) (holding plaintiff's action in superior court to challenge a small claims court's award of attorney fees was an improper collateral attack).

Nevertheless, Watson claims she may collaterally attack the judgment because it is void for lack of jurisdiction. Watson argues the court did not have jurisdiction to hear Klota's action against her because Klota, a non-attorney, appeared in small claims court on behalf of Auto Advisors, a corporation.

■ As a general rule, a corporation appearing in small claims court must be represented by counsel.[9] *Yogi Bear Membership Corp. v. Stalnaker*, 571 N.E.2d 331, 333 (Ind.Ct.App.1991); S.C.R. 8. An exception to that rule is found in Small Claims Rule 8(C), which permits a corporation, whether as a plaintiff or a defendant, to be represented by an employee

---

8. Nor did Watson request permission to file a belated appeal pursuant to Marion Circuit and Superior Court Civil Division Rule 81.1(C)(3), which permits filing later than 60 days if "the party seeking the appeal has been prevented from taking the same by circumstances not under his control."

9. The logic behind requiring corporations to be represented by legal counsel is to curtail the unlicensed practice of law. *State ex rel. Western Parks Inc. v. Bartholomew County Court*, 270 Ind. 41, 44, 383 N.E.2d 290, 293 (1978). A corporation is normally represented by agents and it may rely on different agents at different steps of any one proceeding; when the agents are not attorneys, a lack of legal expertise combined with a failure to maintain a proper chain of communication between the agents at each level of the action may frustrate the continuity, clarity and adversity the judicial process demands. *Id.*

who is not an attorney if: 1) the claim is not more than $1,500; 2) the claim is not an assignment, such as a claim assigned to a collection agency; and 3) there is a corporate resolution and employee affidavit on file with the clerk authorizing a full-time employee to represent the corporation.

Auto Advisors allegedly assigned Watson's defaulted contract to Klota, and then Klota as an individual brought the small claims action against Watson to recover $4,846.00. Because the claim exceeded $1,500, Small Claims Rule 8(C) required Auto Advisors to hire an attorney to sue Watson. Watson contends Auto Advisors assigned its defaulted accounts to Klota only to avoid hiring an attorney. She argues the collection assignment is "illusory," a "sham," and "does not relieve Auto Advisors or Klota from the requirements of S.C.R. 8(C)." (Appellant's Br. at 4.)

Klota's action against Watson is similar to the pre-trial procedure in *Yogi Bear*, 571 N.E.2d 331. Yogi Bear was a not-for-profit corporation that operated a campground and wanted to bring a small claims action against one of its former lot owners. Yogi Bear assigned the account to an employee who was a vice president and manager for the campground, who then proceeded *pro se*. When the small claims court ruled in favor of Yogi Bear's employee, the former lot owner appealed. We reversed, citing the small claims rule requiring corporations be represented by counsel. We rejected the assignment of the claim to the employee because nothing in the record indicated the assignment was a *bona fide* transfer. Rather, it appeared the assignment was entered simply to circumvent Small Claims Rule 8(C). *Id.* at 333–34.

As in *Yogi Bear*, nothing in the record indicates Auto Advisors' transfer of Watson's contract to Klota was a *bona fide* assignment. The only document in the record discussing the assignment of Auto Advisors' claims to Klota is the "Corporate Resolution" filed by Auto Advisors with the small claims court. That document does not in fact assign anything from Auto Advisors to Klota; rather it informs the court that such assignments are made. The document makes no mention of any consideration given by Klota in return to Auto Advisors. Auto Advisors and Klota do not offer any reason for the transfers. Viewing the facts in the light most favorable to Watson, it appears Auto Advisors assigned its claim against Watson to Klota to avoid Small Claims Rule 8, and the assignment was invalid. *See id.*

However, a significant difference exists between the procedural posture of *Yogi Bear* and the procedural posture here. *Yogi Bear* was a direct appeal of a small claims court's judgment, while Watson is mounting a collateral attack on the judgment entered against her by the Small Claims Court. Accordingly, while *Yogi Bear* would have controlled if Watson had directly appealed the Small Claims Court's judgment, it does not answer the ultimate question before us today, which is whether the judgment is void and may be attacked collaterally.

■■■■■ The alleged invalid assignment resulted in Klota, a non-attorney, bringing an action on behalf of Auto Advisors, a corporation that is required to have counsel. Accordingly, we must determine whether Klota's representation of Auto Advisors renders the Small Claims Court's judgment against Watson void or merely voidable.

The distinction between a void and voidable judgment is no mere semantic quibble. A void judgment is one that, from its inception, is a complete nullity and without legal effect. By contrast, a voidable judgment is not a nullity, and is

capable of confirmation or ratification. Until superseded, reversed, or vacated it is binding, enforceable, and has all the ordinary attributes and consequences of a valid judgment.

*Stidham v. Whelchel,* 698 N.E.2d 1152, 1154 (Ind.1998) (internal citations and quotations omitted). As Judge Sullivan has explained:

Nowhere is the distinction between "void" and "voidable" more clearly brought into focus than in the area of jurisdiction. There are three jurisdictional elements in every action: jurisdiction of the subject matter; jurisdiction of the person; and jurisdiction of a particular case. A judgment rendered by a court without jurisdiction to hear that particular case is voidable because the jurisdictional defect is waivable if not attacked by a timely appeal. On the other hand, lack of subject matter jurisdiction renders void any action undertaken by the court because the defect is not susceptible to waiver or cure. Regrettably the label which courts attach to actions involving defects in personal jurisdiction has occasionally been misapplied.

*Trook v. Lafayette Bank and Trust Co.,* 581 N.E.2d 941, 944–45 (Ind.Ct.App.1991), *trans. denied.*[10]

In *Simmons v. Carter,* 576 N.E.2d 1278 (Ind.Ct.App.1991), we addressed a situation factually similar to the small claims action against Watson. In *Simmons,* the debtor appealed the denial of his motion to set aside a default judgment entered against him in a small claims action instituted for the creditor by a person who was not a licensed attorney. Because a person who was not licensed to practice law in this state instituted the creditor's action, another panel of this court held the judgment by the small claims court was "void." *Id.* at 1280.

■■■■ However, as Judge Sullivan explained in *Trook,* the *Simmons* court misspoke when it referred to the judgment as "void" rather than "voidable." *Trook,* 581 N.E.2d at 945. The *Simmons* court noted the defective representation "could have been cured if the plaintiff would have obtained legal counsel after the small claims action was commenced, but before the matter was submitted to the court and judgment entered." 576 N.E.2d at 1280. Because the plaintiff could have taken an action to cure the error, to be "[c]onsistent with the true meanings of the terms [void and voidable], the judgment might better have been characterized as voidable." *Trook,* 581 N.E.2d at 945. Accordingly, representation of a party by a person who is not an attorney is a defect that impacts a court's jurisdiction over the particular case, but the error does not deprive the trial court of subject matter jurisdiction. *See id.*

Determining whether the judgment was void or merely voidable was not crucial to

---

**10.** We acknowledge our supreme court's limitation of *Trook's* distinction between void and voidable cases to those in which the party who allegedly waived the jurisdictional argument had been in a position to a assert the right that was waived or to cure the error that occurred. *See Stidham,* 698 N.E.2d at 1155–156. Our supreme court explained: "A claim of lack of personal jurisdiction may of course be waived or, as the *Trook* court put it, is susceptible to 'cure' or 'waiver.' This is a far cry from holding that because it may be

waived it is always waived." *Id.* at 1155. However, that limitation does not impact the outcome herein because Watson appeared before the small claims court and had the opportunity to assert Klota's action was improper because the assignment was invalid or because he could not represent Auto Advisors. Indeed, it appears Watson asserted these very arguments, but the Small Claims Court ruled against her. She failed to appeal its decision, thereby waiving her opportunity to force Auto Advisors to cure its error.

the decision in *Simmons* because the debtor had filed the motion to set aside the default judgment in the same court that had entered the default judgment. That court had the authority to set aside its earlier judgment regardless of whether that judgment was void or voidable.

In contrast, Watson did not file a motion to set aside judgment in the Small Claims Court nor did she appeal that judgment to Marion Superior Court. Rather, she filed an independent action in Superior Court. We believe that was not the proper procedure to question whether the Small Claims Court's judgment against her was invalid, because Klota's alleged improper representation of Auto Advisors made the judgment against Watson voidable, not void. *See Trook,* 581 N.E.2d at 945. The trial court did not err when it granted Klota and Auto Advisors' motion to dismiss Watson's request to hold the small claims court's judgment void based on Klota's appearance for Auto Advisors.[11]

## 2. *Alleged Statutory Violations and Tort Claims*

■ Watson claims the defendants brought a frivolous lawsuit, violated the FDCPA, and committed unauthorized practice of law, malicious prosecution, abuse of process, and statutory deception.[12] Prior to addressing whether Watson's complaint stated a claim under each of those theories, we must determine whether Watson waived some of her claims on appeal and whether the Small Claims Court judgment precludes the Superior Court's consideration of each claim.

■ Appellate Rule 46(A)(8)(a) provides: "The argument must contain the contentions of the appellant on the issues presented, supported by cogent reasoning. Each contention must be supported by citations to the authorities, statutes, and the Appendix or parts of the Record on Appeal relied on, in accordance with Rule 22." When parties fail to provide argument and citations, we find their arguments are waived for appellate review.

---

11. Watson also argues the plain language of the corporate resolution Auto Advisors filed in the Small Claims Court states only those Indiana Retail Contract and Security Agreement Contracts between Auto Advisors, Inc. and Buyer that are in default at the time of the assignment (i.e., May 1, 1998) were assigned. She argues that an assignment of rights from a contract not yet in default is ineffective to transfer those rights. *See University Casework Systems, Inc. v. Bahre,* 172 Ind.App. 624, 631–32, 362 N.E.2d 155, 160 (1977). Assuming arguendo the assignment was ineffective because the corporate resolution was not, in fact, an assignment of rights, Watson has arrived again at the point where we know Klota was improperly representing Auto Advisors in Small Claims Court. As discussed in the text, this error could have been cured by Auto Advisors and does not impact the Small Claims Court's jurisdiction over the subject matter. Accordingly, the judgment was merely voidable and cannot be collaterally attacked. *See Trook,* 581 N.E.2d at 945.

12. Watson also alleges Klota and Auto Advisors fit the definition of "collection agency" under Ind.Code § 25–11–1–1. However, Watson has not explained why she would thereby have a civil cause of action against the defendants. As defendants note in their brief, Ind.Code ch. 25–11–1 provides only a criminal remedy for violation of the chapter. *See* Ind.Code § 25–11–1–12 (defining violation of the chapter as a Class B misdemeanor). Because Watson has not demonstrated she has a cause of action against the defendants for violation of the chapter, we need not determine whether Klota or Auto Advisors are a collection agency.

To the extent Watson claims Auto Advisors and Klota were required to be represented by counsel because they were collection agencies, *see* Ind.Code § 34–9–1–1(c), her claims fail for the same reasons her claims that Auto Advisors and Klota were required to be represented by counsel because of the Small Claims Rules fail.

*See Loomis v. Ameritech Corp.*, 764 N.E.2d 658, 668 (Ind.Ct.App.2002) (holding argument waived for failure to cite authority or provide cogent argument), *reh'g denied, trans. denied* 783 N.E.2d 695 (Ind. 2002). Watson's brief provides no argument regarding her allegations that the defendants committed statutory deception and brought a frivolous action. Accordingly, those claims are waived. *See id.*

■ Next, we must determine the preclusive effect of the Small Claims Court judgment. In *Johnson v. Anderson*, 590 N.E.2d 1146 (Ind.Ct.App.1992), Johnson contracted with Anderson, as owner of the AOK Karate Studios, for two of her sons to receive karate lessons for $65.00 per month. Prior to signing the contract, Johnson noticed the contract required a two-year commitment. When Johnson expressed her concern about whether she could afford the lessons on an ongoing basis, Anderson told her she could void the contract if she could not make the payments. Shortly thereafter, Johnson found she could not afford the lessons and attempted to void the contract. Anderson refused and sued her in small claims court. The small claims court ruled in favor of Anderson. Thereafter, Johnson filed a complaint in circuit court alleging Anderson violated the Deceptive Consumer Sales Act. The trial court ruled Johnson's complaint was barred by res judicata and dismissed the complaint.

On appeal, we reversed the dismissal of her complaint after addressing the effect of S.C.R. 11(F):

> We conclude that the clear language of S.C.R. 11([F]) prohibits the application of res judicata in this case. By its terms, S.C.R. 11([F]) limits the application of res judicata to claim preclusion and in turn further limits that application to the "amount involved." *Cook*, 500 N.E.2d at 231. As noted in *Cook*, the limitation is broad enough to prohibit claim preclusion to the extent that the doctrine would otherwise bar matters that might have been litigated but were not. *Id.* Such is the fair effect of S.C.R. 11([F])'s statement that a small claims judgment "shall not be considered an adjudication of any fact *at issue* in any other action or court." (emphasis added). It is true that S.C.R. 11([F]) arguably would not affect the preclusive effect of a small claims judgment where, in an action on the judgment, the defendant attempts to interpose defenses previously available. Conceptually, an action on the small claims judgment is the same as an action upon the underlying claim, the underlying claim having merged into the judgment. However, in the case before us, the small claims judgment had been completely satisfied. Johnson's complaint for recovery based upon AOK's deceptive practices was clearly a separate claim based upon a statutory cause of action, even if the facts alleged therein could have been pleaded as a defense in the small claims action, and S.C.R. 11([F]) prohibits the prior judgment being considered an adjudication of any fact at issue in that separate action.

*Id.* at 1150.

Watson's remaining claims are that defendants violated the FDCPA and committed unauthorized practice of law, malicious prosecution, and abuse of process. Unlike Watson's request to invalidate the Small Claims Court judgment, those claims are not attempts to undermine the validity of the contract or earlier judgment. Rather, they are claims based on the manner in which defendants brought the action in Small Claims Court. As in *Johnson*, these claims are available to Watson in an independent action. *Id.* While she could have raised some of them in small claims court

as counterclaims, she was not required to do so. *See id.* Therefore, we address whether Watson has stated a claim under each of those causes.

■ Watson's contention that Klota's activities constituted the unauthorized practice of law does not provide her a cause of action.[13] In *Miller v. Credit Bureau of Warrick County,* 156 Ind.App. 341, 296 N.E.2d 673 (1973), we affirmed dismissal of a complaint seeking damages for the defendant's unauthorized practice of law. We held no civil cause of action exists for violations of statutes criminalizing the unauthorized practice of law and requiring corporations to be represented by counsel. *Id.* at 342, 296 N.E.2d at 674. The Small Claims Court properly dismissed that claim.

■ Watson claims she was a victim of malicious prosecution. The elements of malicious prosecution are: 1) the defendant has instituted or caused to be instituted an action against the plaintiff; 2) the defendant has acted with malice in doing so; 3) the defendant had no probable cause to institute the action; and 4) the original action was terminated in the plaintiff's favor. *City of New Haven v. Reichhart,* 748 N.E.2d 374, 378 (Ind.2001). Watson's original action in the Small Claims Court was not terminated in her favor, nor may she collaterally attack that judgment. Thus the original action will not be terminated in her favor and she cannot demonstrate all the elements of malicious prosecution.[14] The court did not err in dismissing that claim.

■ An action for abuse of process requires a finding of misuse or misapplication of process for an end other than that which it was designed to accomplish. *National City Bank, Ind. v. Shortridge,* 689 N.E.2d 1248, 1252 (Ind.1997), *opinion supplemented on other grounds* 691 N.E.2d 1210 (Ind.1998). Abuse of process has two elements: (1) "ulterior purpose or motives;" and (2) "a willful act in the use of process not proper in the regular conduct of the proceeding." *Town of Orland v. Nat. Fire & Cas. Co.,* 726 N.E.2d 364, 371 (Ind.Ct.App.2000), *reh'g denied, trans. denied* 741 N.E.2d 1249 (Ind.2000). If a party's "acts are procedurally and substantively proper under the circumstances" then his intent is irrelevant." *Reichhart v. City of New Haven,* 674 N.E.2d 27, 31 (Ind.Ct.App.1996), *trans. denied* 683 N.E.2d 593 (Ind.1997). A party may not be held liable for abuse of process if the "legal process has been used to accomplish an outcome which the process was designed to accomplish." *Id.*

■ Watson's complaint alleges no facts to support a claim that Klota or Auto Advisors had a purpose other than to obtain a judgment against Watson for breach of her purchase contract for the 1994 Cadillac. The facts most favorable to Watson—that Auto Advisors and Klota entered into an illusory assignment to circumvent the requirement in Small Claims Rule 8 for corporations to be represented by counsel—would not demonstrate an abuse of process. By obtaining a small claims court judgment for the contract price, Klota accomplished only the out-

---

**13.** In passing, Watson also asserts Auto Advisors committed a tort by failing to hire counsel. However, she failed to provide argument or authority that a corporation's failure to hire counsel might be a tort. Accordingly, that argument is waived on appeal. *See Loomis,* 764 N.E.2d at 668 (holding argument waived for failure to cite authority or provide cogent argument).

**14.** By addressing Watson's failure to prove only one of the elements, we do not suggest Watson proved any of the other elements. For example, if Watson breached the contract for the sale of the Cadillac, defendants had probable cause to institute the action against her.

come the legal process was designed to accomplish. The trial court did not err when it dismissed this claim.

■ Finally, Watson alleges Klota and Auto Advisors violated the FDCPA when Klota brought the action on behalf of Auto Advisors. Congress enacted the FDCPA after finding "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," 15 U.S.C.A. § 1692(b), and evidence that "[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers." *Id.* The purpose of the FDCPA was "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." [15] 15 U.S.C.A. § 1692(e).

The FDCPA provides the following definition of "debt collector":

> The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts. For the purpose of section 1692f(6) of this title, such term also includes any person who uses any instrumentality of interstate commerce

or the mails in any business the principal purpose of which is the enforcement of security interests. The term does not include—

> (A) any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor;

> (B) any person while acting as a debt collector for another person, both of whom are related by common ownership or affiliated by corporate control, if the person acting as a debt collector does so only for persons to whom it is so related or affiliated and if the principal business of such person is not the collection of debts;

> (C) any officer or employee of the United States or any State to the extent that collecting or attempting to collect any debt is in the performance of his official duties;

> (D) any person while serving or attempting to serve legal process on any other person in connection with the judicial enforcement of any debt;

> (E) any nonprofit organization which, at the request of consumers, performs bona fide consumer credit counseling and assists consumers in the liquidation of their debts by receiving payments from such consumers and distributing such amounts to creditors; and

> (F) any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity (i) is incidental to a bona fide fiduciary obligation or a bona fide escrow arrangement; (ii) concerns a debt which was originated by such person; (iii) concerns a debt which was not in default at the time it was obtained by such person; or (iv) concerns a debt obtained by such person as

---

**15.** Nevertheless, we have also noted "the Act was not intended to provide opportunistic attorneys with an easy buck for prosecuting technical violations of the Act which [have] in no way harmed debtors." *Ziobron v. Crawford,* 667 N.E.2d 202, 209 (Ind.Ct.App.1996), *reh'g denied, trans. denied* 683 N.E.2d 585 (Ind.1997).

a secured party in a commercial credit transaction involving the creditor.

15 U.S.C.A. § 1692a(6).

As explained above, we cannot determine from the record before us whether Auto Advisors' assignment of Watson's defaulted contract to Klota was valid or invalid. Therefore, we do not know whether Klota brought the action on behalf of himself or Auto Advisors when he filed the breach of contract claim against Watson in Small Claims Court. The facts most favorable to Watson are that the assignment is invalid and Klota regularly collects debts for Auto Advisors.[16] Assuming those facts true, as our standard of review requires us to do, Auto Advisors would be a "creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts," 15 U.S.C.A. § 1692a(6), and Klota would be a person "who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." *Id.*

 Watson alleges Klota's actions resulted in Klota and Auto Advisors violating Sections "1692d, 1692e, 1692f, 1692g, and 1692j of the FDCPA, including various subsections thereof." (Appellant's Br. at 22.) However, Watson provides argument regarding only Section 1692j. Accordingly, she has waived for appellate review arguments based on the other Sections of the FDCPA. *See Loomis,* 764 N.E.2d at 668.

Section 1692j provides in part:

(a) It is unlawful to design, compile, and furnish any form knowing that such form would be used to create the false belief in a consumer that a person other than the creditor of such consumer is participating in the collection of or in an attempt to collect a debt such consumer allegedly owes such creditor, when in fact such person is not so participating.

It is unclear to us that a small claims court complaint is the type of "form" designed, compiled, and furnished by a creditor or debt collector that the legislature intended to make unlawful. However, we need not decide that question today because Watson's claim under this section fails based on the last clause of subsection (a). Even if Klota gave Watson the false impression he was collecting Auto Advisors' debt, he was, in fact, "so participating." 15 U.S.C.A. § 1692j(a). Accordingly, the facts most favorable to Watson fail to state a claim under that Section, and Watson has not demonstrated the Superior Court erred when it dismissed her claims based on the FDCPA.

### CONCLUSION

Watson may not collaterally attack the validity of the Small Claims Court's judgment in favor of Klota. By failing to provide any argument on appeal, Watson waived her arguments regarding statutory deception and the bringing of a frivolous action, and defendant's alleged violations of 15 U.S.C.A. §§ 1692d, 1692e, 1692f, and 1692g. The facts most favorable to Watson do not support a cause of action for unauthorized practice of law, malicious prosecution, abuse of process, and violation of § 1692j of the FDCPA. Accordingly, we cannot say the Superior Court erred when it dismissed Watson's claims.

Affirmed.

SULLIVAN, J., and VAIDIK, J., concur.

---

**16.** As Watson argues, the corporate resolution Auto Advisors filed with the Small Claims Court suggests Klota "regularly" attempts to collect Auto Advisors' debts.