**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jul 18 2014, 8:56 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**JOHN ZAPATA**
Lincoln, Nebraska

ATTORNEYS FOR APPELLEE:

**ROBERT S. DANIELS**
**STEVEN D. MURPHY**
DeFur Voran, LLP
Fishers, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| JOHN ZAPATA d/b/a ZAPATA COLLECTION SERVICES, An Individual and as Assignee, | ) ) ) ) |
| Appellant-Plaintiff, | ) ) |
| vs. | ) No. 18A04-1310-CC-534 ) |
| BALL STATE UNIVERSITY, Facilities Management and Planning, | ) ) ) |
| Appellee-Defendant. | ) ) |

APPEAL FROM THE DELAWARE CIRCUIT COURT
The Honorable Kimberly S. Dowling, Judge
Cause No. 18C02-1203-CC-53

**July 18, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Judge**

## Case Summary and Issue

John Zapata d/b/a Zapata Collection Service (collectively, "Zapata"), pro se, filed a complaint against Ball State University ("Ball State") for damages arising from breach of a contract between Ball State and MWE Service, Inc. ("MWE"). Zapata alleged therein that he was the assignee of MWE's claim. The trial court granted Ball State's motion to dismiss, finding that the assignment to Zapata was a sham and that MWE was required by Indiana law to be represented by counsel. Zapata now appeals, contending the trial court erred in ruling on Ball State's motion to dismiss. Concluding the trial court's findings regarding the assignment were not clearly erroneous and the trial court properly dismissed the complaint, we affirm.

## Facts and Procedural History

In 2008, Ball State and MWE entered into a contract for MWE to perform certain demolition services for a Ball State renovation project. At the conclusion of the project, the parties had a dispute over payment. On March 27, 2012, Zapata filed a complaint for breach of contract against Ball State, styled "John Zapata, dba, Zapata Collection Service an Individual and as Assignee vs. Ball State University," seeking to enforce MWE's rights to payment under the contract and alleging that MWE had "assigned it [sic] rights of collection to Zapata Collection Service . . . ." Appellant's Appendix at 181.

Following discovery, Ball State filed a motion to dismiss Zapata's complaint, alleging that Zapata could not pursue this claim pro se under Indiana Law, either because the assignment was a sham for MWE to avoid hiring legal counsel, or because "Zapata Collection Service" is not properly licensed as a collection agency and cannot proceed pro se.

2

Zapata filed a response in opposition to Ball State's motion, and the trial court held a hearing at which both sides presented argument. Following the hearing, the trial court issued an order declining to find Zapata is a collection company, but finding as follows:

> 10. A corporation (except for certain exempt corporations and small claims actions under $1,500.00) must appear by an attorney in all cases. I.C. 32-8-1-1(c).
> 11. The question here, is whether [MWE] assigned their claim to Zapata as a sham in an effort to avoid having to hire counsel in this matter.
> 12. Zapata filed his assignment in this cause, however it only states that there was good and valuable consideration, but does not state the specifics of the consideration.
> 13. Zapata has, with the filing of his response to this motion, filed an affidavit signed by Kathleen Cederburg, stating that the consideration provided to [sic] Zapata was the sum of $5,000.00.
> 14. Cederburg is Zapata's daughter.
> 15. On MWE's website, Zapata is listed as a contact for the corporation. Zapata and his "collection service" share an address, website, phone number and email address with [MWE].
> 16. The Court hereby finds that the assignment was a sham intended to avoid [MWE] to have to hire counsel.
> 17. The Court hereby gives [Zapata] sixty (60) days to hire counsel to represent him in this matter. Should [Zapata] fail to hire counsel within that time period, this matter will be dismissed.

Id. at 29-30. Zapata informed the court via letter that he did not intend to hire counsel and requested the court enter a final order. Accordingly, on October 15, 2013, the trial court entered an order granting Ball State's motion to dismiss. Zapata now appeals. Additional facts will be provided as necessary.

Discussion and Decision

Ball State's motion to dismiss is based on its allegation that either MWE, a corporation, or Zapata Collection Service, a collection agency, is the real party in interest in this litigation and has failed to appear by an attorney as required by Indiana law. Though

3

noting certain indicia otherwise, the trial court specifically declined to find Zapata Collection Service is a collection agency subject to specific rules for collection agencies. See Ind. Code §§ 25-11-1 et seq.; Ind. Code § 34-9-1-1(c). The court did, however, find the purported assignment of the claim from MWE to Zapata was intended to subvert Indiana law requiring a corporation to be represented by counsel. Accordingly, we also focus our attention on the assignment.

It is clear that except under circumstances not applicable here, a corporation must be represented by an attorney. Ind. Code § 34-9-1-1; Ind. Small Claims Rule 8(C). However, "we view dismissals with disfavor, and dismissals are considered extreme remedies that should be granted only under limited circumstances." Turner v. Franklin Cnty. Four Wheelers Inc., 889 N.E.2d 903, 905 (Ind. Ct. App. 2008). Therefore, when a corporation prosecutes or defends its case pro se and the opposing side contests the representation, the corporation should be given an opportunity to retain counsel before dismissal is appropriate. Christian Bus. Phone Book, Inc. v. Indianapolis Jewish Cmty. Relations Council, 576 N.E.2d 1276, 1277 (Ind. Ct. App. 1991); see also State ex rel. Western Parks, Inc. v. Bartholomew Cnty. Court, 270 Ind. 41, 45, 383 N.E.2d 290, 293 (1978) (holding the trial court exceeded its jurisdiction by allowing a corporation to appear without counsel). Here, the trial court found that MWE, a corporation, was the real party in interest notwithstanding an alleged assignment to an individual. The trial court then offered MWE an opportunity to retain counsel and advised MWE the failure to retain counsel would result in dismissal. MWE specifically declined to retain counsel, and only then did the trial court dismiss the action. Accordingly, the question is whether the trial court erred in finding the assignment from

MWE to Zapata was a sham transaction. We will not set aside the trial court's findings unless they are clearly erroneous. Ind. Trial Rule 52(A). Findings of fact are clearly erroneous when the record shows no factual support for them, either directly or by inference. Johnson v. Wysocki, 990 N.E.2d 456, 460 (Ind. 2013).

In two previous cases, this court has considered whether a corporation's assignment of a claim to an individual who then prosecuted the claim in small claims court was a bona fide assignment or a ruse to avoid the requirement of representation by counsel.[1] See Watson v. Auto Advisors, Inc., 822 N.E.2d 1017 (Ind. Ct. App. 2005), trans. denied, and Yogi Bear Membership Corp. v. Stalnaker, 571 N.E.2d 331 (Ind. Ct. App. 1991). In Yogi Bear, the corporate operator of a campground at which members purchase campsites and pay a monthly maintenance fee sued a former member for unpaid fees on two campsites totaling over $900.00. The corporation filed the complaint in its own name and was represented in the proceedings by an employee who was a corporate vice-president and manager of the campground. Two days after the complaint was filed, the corporation assigned the delinquent account to the employee. The court noted the record did not indicate the employee was a lawyer but did indicate that the real party in interest remained the corporation despite the purported assignment—throughout the proceedings, the corporation rather than the employee was referred to as the plaintiff by the court and all parties. There was nothing in the record to indicate the assignment of the delinquent account was a bona fide transfer from the corporation to the employee. Because the claim exceeded the then-

---

[1] The significance of these cases being in small claims court is that, as noted above, in certain limited circumstances a corporation may appear without counsel in a small claims case. See Ind. Small Claims Rule 8(C)(3). If those circumstances are not applicable, the rule regarding representation by counsel is the same as

threshold amount of $750.00, the corporation was required to appear by counsel pursuant to the terms of Small Claims Rule 8(C).  571 N.E.2d at 334.

Likewise, in Watson, a corporation that sells used cars filed a corporate resolution stating that any purchase contract that was in default would be assigned to the owner of and registered agent for the corporation ("owner").  The owner sued Watson in small claims court for breach of a purchase contract and was awarded a judgment for nearly $5,000.00.  Watson then filed a complaint against the corporation and the owner alleging the judgment was void because her debt was improperly assigned to avoid the requirement of representation by counsel and because the owner was acting as a collection agency or debt collector, either of which also prohibit self-representation.  The trial court dismissed Watson's complaint as an impermissible collateral attack on the judgment.  This court noted that as in Yogi Bear, there was nothing in the record to indicate a bona fide assignment of Watson's contract:  the record did not include an actual assignment of this contract, only the corporate resolution regarding all contracts in default; there was no mention of consideration given for the assignment; and there was no legitimate business reason given for the assignment.  822 N.E.2d at 1025. Accordingly, the court held that it appeared the corporation assigned its claim to avoid the requirements of Small Claims Rule 8(C) and the assignment was invalid.  Id.[2]

The complaint in this case alleged that MWE had assigned its rights of collection to

---

in any other court.

[2] Nonetheless, because Watson was making a collateral attack on the small claims court's judgment as opposed to initiating a direct appeal therefrom, and because, if timely raised, the invalid assignment resulting in a non-attorney representing a corporation could have been cured, the court affirmed the trial court's dismissal of Watson's complaint as the judgment was merely voidable, not void.  Id. at 1027.

6

Zapata Collection Service.[3] "As a general rule, a valid and unqualified assignment operates to transfer to the assignee all the right, title, or interest of the assignor in or to the property or property rights that are comprehended within the terms of the assignment." Rasp v. Hidden Valley Lake, Inc., 519 N.E.2d 153, 158 (Ind. Ct. App. 1988). A right to damages for breach of contract is assignable. Id. When Ball State requested discovery regarding the alleged assignment, Zapata produced an assignment dated March 22, 2012, and signed on behalf of MWE by Katie Cederburg stating MWE "does hereby assign, acquit to John Zapata all of its rights, claims, actions and causes of action" against Ball State "for good and valuable consideration in the form of payment from John Zapata to the undersigned, the receipt and sufficiency of which is acknowledged . . . ." Appellant's Appendix at 127. In support of Zapata's response in opposition to Ball State's motion to dismiss, Cederburg provided an affidavit stating that MWE received over $5,000.00 in consideration of the assignment of a claim valued at over $22,000.00. Id. at 92.

Although this evidence alone might otherwise establish a valid assignment, we must also look at evidence regarding the relationship between Zapata and MWE. MWE and Zapata share an address, telephone number, and fax number; Zapata was listed on the "contact us" page of MWE's website; Zapata signed the Bid Bond for the project as "President" on behalf of MWE; Zapata submitted change orders on behalf of MWE during the project; Zapata wrote or was copied on letters sent on behalf of MWE and received letters

---

[3] Because we agree with the trial court with respect to the assignment, we do not reach the issue of whether the trial court correctly determined Zapata was not acting as a collection agency. Whether Zapata was acting on behalf of "Zapata Collection Service" or on behalf of MWE, both of which he claims in his complaint, he was improperly seeking money on behalf of another. We also note, however, that the actual

addressed to him as "Project Manager" during the project; and Zapata signed the "Certificate of Substantial Completion" on behalf of MWE. <u>See</u> Appellee's Appendix at 123-33; Appellant's App. at 158-64. Moreover, the complaint itself concludes, "<u>MWE prays</u> that this Court will enter judgment in favor of Plaintiff [previously defined as 'MWE and John Zapata dba Zapata Collection Services collectively and jointly'] against Defendant in the amount of $22,814.68 . . . ." Appellant's App. at 14-15 (emphasis added). In short, the record supports the trial court's finding that Zapata and MWE are inextricably linked and that Zapata is representing MWE's corporate interests in this case and not his own individual interests. As there was no bona fide assignment, MWE was required to appear in court by counsel and was given a fair opportunity to do so. Having failed to avail itself of that opportunity, the complaint was properly dismissed by the trial court.

Conclusion

The trial court's finding that MWE was the real party in interest and, as a corporation, was required to be represented by counsel in this lawsuit was not clearly erroneous. Accordingly, the trial court did not err in dismissing the complaint when MWE failed to cure the defect by hiring counsel. The judgment of the trial court is affirmed.

Affirmed.

RILEY, J., and BRADFORD, J., concur.

---

"assignment" was from MWE to Zapata individually, not to Zapata Collection Service.