THE STATE OF INDIANA ON THE RELATION OF WESTERN PARKS, INC. d/b/a PONDEROSA MOBILE HOME PARK AND LITTLE EAGLE MOBILE HOME PARK, INC. *v.* THE BARTHOLOMEW COUNTY COURT AND THE HONORABLE JOHN H. ESSEX, JUDGE

[No. 678S103. Filed December 13, 1978.]

*Frank E. Spencer*, of Indianapolis, *John P. Tobin, Jr., Buck, Berry, Landau, Breunig & Quinn*, co-counsel, of Indianapolis, for relator.

*John H. Essex*, of Columbus, for respondents.

GIVAN, C.J.—On September 23, 1977, a corporation, Remove All, Inc., commenced an action against the relator herein in the Bartholomew County Court [respondent herein]. The claim was filed by the corporation's office manager, Edythe Coy. Mrs. Coy is not an attorney admit-

ted to practice law in Indiana. Relator moved to dismiss the action alleging improper venue. Respondent overruled that motion and set the trial date for November 28, 1977. Relator failed to appear and a default judgment was entered by respondent. On February 17, 1978, Mrs. Coy filed a motion for proceedings supplemental. Respondent issued the order to appear on March 28, 1978. Relator did not appear on that date and one John Evans, Jr., on behalf of plaintiff corporation, signed an application for citation. Mr. Evans is also not admitted to practice law in this State. Respondent ordered relator to appear on May 1, 1978, and to show cause why it should not be attached and cited for contempt. On April 28, 1978, respondent continued the contempt hearing until May 15, 1978. On May 3, 1978, relator, by counsel, filed a motion to set aside the default judgment and an alternative motion which would require that either the action be dismissed or the corporation appear through legal counsel. Respondent overruled both motions. Relator then petitioned this Court to issue an alternative writ of mandate and prohibition which would order respondent to refrain from exercising further jurisdiction over the action until either legal counsel appears on behalf of the plaintiff corporation or the case is dismissed. We granted the temporary writ on June 7, 1978, and for the reasons stated herein, make that writ permanent.

The issue before this Court is whether the respondent has exceeded its lawful jurisdiction by permitting the plaintiff corporation to appear through persons not admitted to practice law in this state. Respondent cites IC 34-1-60-1 [Burns Sup. 1978] and argues that the Indiana legislature has created an exception to the general rule that a corporation must appear in court through counsel. That exception, it is argued, exists when the corporation becomes a party to an action brought in small claims court. IC 34-1-60-1 reads:

"A civil action may be prosecuted or defended by a party in person or by attorney. A corporation and any organization required to make application to the secretary of state under IC 25-11-1-3 must appear by attorney in all cases except that, corporations organized under IC 23-1-2-1, 23-1-13-1, 23-1-14-1, 23-1-15-1 and 23-7-1.1-1 need not appear by attorney in civil cases filed on a small claims docket of a circuit, superior or county court.

Relator maintains that the respondent has exceeded its jurisdiction notwithstanding the language in the above statute. Relator argues that IC 34-1-60-1 impinges upon the Indiana Supreme Court's constitutional jurisdiction to determine and control the conditions precedent to the practice of law in this state. It further argues that a corporation should be required to be represented by counsel in all courts within the Supreme Court's jurisdiction, including small claims court.

The Indiana Constitution gives this Court original jurisdiction to determine the qualifications for admissions and practice of law. CONSTITUTION OF INDIANA, Art. 7, § 4; *see also* Ind. R. Ap. P. 4(A) which implements this grant of authority by court rule. This function is judicial and separate from the legislative or executive domain. *State ex rel. Indiana State Bar Association v. Mortiz*, (1963) 244 Ind. 156, 191 N.E.2d 21. Pursuant to the grant of jurisdiction, this Court has promulgated numerous rules which govern the qualifications and conditions precedent to the practice of law in the Indiana courts. To the extent that any legislative enactment conflicts with these rules, the rules must take precedence and the conflicting phrases within that statute must be deemed without force or effect. *See* IC 34-5-2-1 [Burns 1973]; *Matter of Public Law No. 305 & Public Law No. 309*, (1975) 263 Ind. 506, 334 N.E.2d 659; *State ex rel. Blood v. Gibson Cir. Ct.*, (1959) 239 Ind. 394, 157 N.E.2d 475.

The INDIANA RULES ON SMALL CLAIMS COURT provide that a party may appear either in person or by attorney. *See* Rule 2(B)(5). These rules are silent, however, as to whether a corporation may appear through an agent who is unlicensed to practice law. The general rule in most jurisdictions has been to require this agent to be an attorney. *Securities and Exchange Commission v. Research Automation Corp.*, (2nd Cir. 1975) 521 F.2d 585; *James v. Daley & Lewis*, (D. Del. 1976) 406 F. Supp. 645; *National Bank of Austin v. First Wisconsin Bank of Milwaukee*, (1977) 53 Ill.App.3d 482, 368 N.E.2d 119; *Tom Edwards Chevrolet, Inc. v. Air-Cel, Inc.*, (1973) 13 Ill.App.3d 378, 300 N.E.2d 312; *Remole Soil Service, Inc. v. Benson*, (1966) 68 Ill.App.2d 234, 215 N.E.2d 678; *Nicholson Supply Co. v. First Fed. Sav. & Loan Assoc.*, (Fla. App. 1966) 184 So.2d 438. This rule has been extended in some jurisdictions to include small claims

court. *See, e.g., Tom Edwards Chevrolet, Inc. v. Air-Cel, Inc., supra.* In *Tom Edwards Chevrolet,* a corporate defendant in a small claims proceeding filed a motion to allow representation by its president and minority stockholder. This individual was not licensed to practice law in the State of Illinois. The Appellate Court of Illinois affirmed a denial of that motion and concluded:

> "When one appears in court representing one of the parties, counsels and advises with such party and drafts pleadings, both in the trial court and in this court, and assumes the general control of the action, he is practicing law .... The permission granted by statute (Ill.Rev.Stat. 1969, Ch. 13, par. 11) to prosecute and defend actions "in their proper persons" has never been, nor could it be, construed to include corporations, even in a small claims case.

300 N.E.2d 312, 313.

We find this view to be persuasive. When a corporation becomes a party to a civil action its status to represent itself in that proceeding differs from that of an individual. The individual has a personal stake in the outcome of the litigation and can readily be identified as both a party litigant and an individual person. A corporation, however, although a person in the eyes of the law, cannot be wholly identified with any individual person and thus, by necessity, must be represented by its agents. Those agents can only have an indirect stake in the case for the reason that a corporation exists as an independent legal entity, separate and distinct from its shareholders, officers or any agents. *Madding v. Indiana Dept. of State Revenue, Gross Income Tax Division,* (1971) 149 Ind.App. 74, 270 N.E.2d 771. Confusion arises when, as in this case, the corporation may rely upon several agents to represent it at different stages of the proceedings. When these agents are not attorneys, a lack of legal expertise combined with a failure to maintain a proper chain of communication between the agents at each level of the action may act to frustrate the continuity, clarity and adversity which the judicial process demands.

For these reasons, we hold that a corporation must be represented by legal counsel in a small claims court proceeding and that IC 34-1-60-1, to the extent that it is inconsistent with this holding, is without force

or effect. Respondent has therefore exceeded its jurisdiction by permitting the plaintiff corporation to appear through agents not admitted to the practice of law. Our temporary writ to the respondent court is hereby made permanent.

DeBruler, Hunter, Pivarnik and Prentice, JJ. concur.

NOTE—Reported at 383 N.E.2d 290.