**YOGI BEAR MEMBERSHIP CORPO-
RATION, Appellant–Plaintiff,**

v.

**Margaret STALNAKER,
Appellee–Defendant.**

**No. 43A05–9101–SC–22.**

Court of Appeals of Indiana,
Fifth District.

May 22, 1991.

Donald K. Broad, Beckman, Lawson, Sandler, Snyder & Federoff, Syracuse, for appellant-plaintiff.

Margaret Stalnaker, pro se.

BARTEAU, Judge.

Plaintiff-appellant Yogi Bear Membership Corporation (YBMC) is the not-for-profit operator of a campground called Jel-lystone Park in Pierceton, Indiana. Defendant-appellee Margaret Stalnaker is a former member of YBMC. Membership in YBMC accrues from purchasing a numbered campsite in the 1200–acre Jellystone Park. The obligations of membership include payment of a monthly maintenance fee on a per lot basis. The benefits of membership include the option to participate in YBMC's rental plan, in which owners designate in advance of the summer camping season the times when their lots are available for rental to transient campers. YBMC shares the receipts from the rental program with the participating members according to a formula specified in the rental program contract.

Stalnaker owned two lots in Jellystone Park under installment sales contracts—one bought in 1985, one in 1986—but lost them to foreclosure in 1990. Thereafter, YBMC sued Stalnaker to recover arrears in Stalnaker's maintenance fees. YBMC's complaint alleged an indebtedness of $923.33.[1]

The matter was heard before a small claims referee. YBMC was represented by its designated employee Larry Ladd, who is the manager of Jellystone Park and a YBMC vice-president. Stalnaker appeared *pro se*. She conceded some indebtedness to YBMC, but argued that she had not been reimbursed by YBMC for use of her lots by renters during 1989.[2]

The most pertinent part of the referee's report is as follows:

9. That Plaintiff has allowed Defendant's two lots to be utilized by third parties without providing any credit to Defendant's account herein;

10. That Plaintiff has the duty to monitor the rental of Defendant's lots and to credit Defendant's account accordingly;

---

1. Account statements appended to the complaint showed an arrears of $473.55 on one lot, and $449.78 on the other.

2. Stalnaker testified that on two occasions in 1989, she arrived at Jellystone Park only to find one or both of her lots occupied. Any such use was unauthorized by her; she had not signed the rental plan contract for 1989 because she was attempting to sell her lots. At the hearing, it was disputed whether that usage had been authorized by YBMC. Ladd testified that YBMC's management practices do not include an accounting as to how many times a particular lot is rented.

11. That for Plaintiff to prevail, Plaintiff must seek recovery of specific provable sums;

12. That the Plaintiff, by not properly crediting Defendant's account, has not presented an exact amount to which it is entitled;

13. That the Court cannot speculate as to what the Plaintiff is entitled to recover of and from the Defendant herein;

14. That the Plaintiff shall recover of and from the Defendant nominal damages in the amount of Forty dollars ($40.00), said Forty Dollars representing at least one month's maintenance fee;

. . . .

Record at 22–23.

The county court judge adopted the referee's findings and judgment. YBMC appeals, arguing that the referee erroneously placed the burden of proof as to Stalnaker's counterclaim on YBMC. We reverse.

■ Our supreme court has held that "a corporation must be represented by legal counsel in a small claims court proceeding...." *State ex rel. Western Parks, Inc. v. Bartholomew County Court* (1978), 270 Ind. 41, 44, 383 N.E.2d 290, 293. The purpose of the requirement is to curtail unlicensed practice of law, the attendant ills of which can be exacerbated when one of the litigants is a corporation. In particular, because a corporation necessarily must be represented by agents, and may tend to rely on different agents at different steps of any one proceeding, "[w]hen these agents are not attorneys, a lack of legal expertise combined with a failure to maintain a proper chain of communication between the agents at each level of the action may act to frustrate the continuity, clarity and adversity which the judicial process demands." *Id.* The court held that the county court had exceeded its jurisdiction by allowing the corporation to appear through non-lawyer agents.[3]

The *Western Parks* holding of 1978 allows no exceptions. However, in 1982 the supreme court relaxed its ban on *"pro se"* corporate parties by adding subdivision (C) to Small Claims Rule 8:

(C) Appearance. A natural person may appear pro se or by counsel in any small claims proceeding. *A corporation must appear by counsel or, in unassigned claims not exceeding seven hundred fifty dollars ($750), by a full-time employee of the corporation designated by the Board of Directors* to appear as the corporation in the presentation or defense of claims arising out of the business of the corporation.

. . . .

Before a designated employee is allowed to appear in a small claims proceeding, the corporation must have on file with the court exercising jurisdiction of the proceeding, a *certificate of compliance* with the provisions of this rule, wherein the corporation must expressly accept, by a duly adopted resolution, the binding character of the designated employee's acts and the corporation's liability for assessments and costs levied by a court. Additionally, the designated employee must have on file with the court exercising jurisdiction of the proceeding an *affidavit stating that he has not been disbarred* or suspended from the practice of law in Indiana or any other jurisdiction.

Small Claims Rule 8(C) (emphasis added).

The record does not indicate, by either evidence or assertion, that Ladd is a lawyer. Also, there is neither a certificate of compliance from YBMC nor an affidavit of non-disbarment from Ladd.

The record does contain a document assigning the Stalnaker account from YBMC to Ladd, dated two days after YBMC filed its complaint. The assignment appears to have been served on Stalnaker together with the complaint.

■ To the degree that the purported assignment was meant to circumvent S.C.

---

**3.** The holding made permanent an alternative writ of mandate and prohibition that ordered the county court to "refrain from exercising further jurisdiction over the action until either

legal counsel appears on behalf of the plaintiff corporation or the case is dismissed." *Western Parks,* 270 Ind. at 42, 383 N.E.2d at 291.

8(C), we reject it. The record contains nothing to indicate that the assignment of Stalnaker's account to Ladd was a *bona fide* transfer. On the contrary, it appears throughout the record that the real party in interest remained YBMC. The referee began the trial by stating "[t]he Court will show that the Plaintiff is in Court today by its designated employee, Larry Ladd...." Record at 36. Ladd, when asked by the referee to state "your full legal name, your association with the Plaintiff, and business address of the Plaintiff" replied "[m]y name is Larry Ladd. I'm the General Manager and Vice–President of Yogi Bear Membership Corporation of Rural Route 1, Pierceton, Indiana." Record at 37–38. Ladd further stated:

> [T]he Board of Directors of the Yogi Bear Membership Corporation have the right to establish and collect dues and fees and assessments for the betterment of the Corporation. Those maintenance fees go for certain salaries for the operation of the park, for the recreation program, for the expense of the water, and the treatment plant and the pools and the facilities as a whole, and its [sic] our contention that we would like to recover the amount.

Record at 41.

Based on the foregoing, we conclude that the assignment of Stalnaker's account to Ladd was illusory, a ploy to evade the requirement of S.C. 8(C) that corporate plaintiffs in small claims court be represented by counsel. Moreover, YBMC's claim was for more than $750, so the "designated full-time employee" exception of S.C. 8(C) is inapplicable.

Only one of the two elements of the *Western Parks* rationale appears in the present case. Nevertheless, we decline to distinguish the cases, because *Western Parks* explicitly deprives a county court of jurisdiction where a corporate party is not represented by counsel, unless the later-adopted exception of S.C. 8(C) applies. Therefore, we hold that the court exceeded its jurisdiction by allowing YBMC to appear through Ladd.[4]

Nothing in this opinion obstructs a corporation's *bona fide* assignment of its accounts to a party that may then sue in small claims court in its own name, for example, a collection agency, provided that if the assignee is a corporation, then it must follow S.C. 8(C). On remand, if YBMC fails to retain counsel, then the court should dismiss the cause. In the event of dismissal, Ladd, the purported assignee, could sue in his own name, or YBMC could sue separately on each lot, appearing through Ladd, provided YBMC and Ladd comply with the certificate and affidavit requirements of S.C. 8(C).

REVERSED AND REMANDED.

BUCHANAN and SHARPNACK, JJ., concur.

---

**4.** Our holding varies somewhat from the two reported appellate cases on the question. In *Rollins Protective Services Co. v. Wright* (1986), Ind.App., 493 N.E.2d 811, *reh'g denied,* corporate defendant Rollins appeared without counsel in small claims court. Plaintiffs won a judgment of $2020. On appeal, Rollins argued only that the court had exceed its jurisdiction. The appellate court agreed that *Western Parks* and S.C. 8(C) are jurisdictional, but declined to reverse, instead holding Rollins estopped from taking advantage of its own error. In *Sears,* *Roebuck & Co. (Auto Dept.) v. Roque* (1980), Ind.App., 414 N.E.2d 317, Sears appealed an adverse small claims judgment, arguing insufficient evidence. The court noted its inability to determine whether Sears' representative, a tire expert, was also a lawyer, then acknowledged *Western Parks,* but did not reverse. Because Sears submitted a record with blurred photocopies of the photographs admitted in the trial, rather than the actual photographs, the court was unable to address the merits. Accordingly, the judgment was affirmed.