Max **STILLWELL**, Appellant–
Defendant,

v.

**DEER PARK MANAGEMENT,**
Appellee–Plaintiff.

No. 53A04–0612–CV–00743.

Court of Appeals of Indiana.

Sept. 17, 2007.

Max Stillwell, Indianapolis, IN, Appellant pro se.

Eric Allan Koch, The Koch Law Firm, P.C., Bloomington, IN, Attorney for Appellee.

## OPINION

BAKER, Chief Judge.

Appellant-defendant Max Stillwell appeals the trial court's judgment in favor of appellee-plaintiff Deer Park Management (Deer Park). Specifically, Stillwell argues that (1) Deer Park was not represented by counsel in violation of Indiana Small Claims Rule 8, (2) the trial court abused its discretion by granting Deer Park's requests for continuances, and (3) the trial court improperly engaged in ex parte communication with Deer Park. Additionally, Deer Park requests appellate attorney fees pursuant to Indiana Appellate Rule 66(E). Finding that Deer Park should have been represented by counsel from the initiation of its action but that such error is not reversible because Deer Park was represented at trial, and finding no other error, we affirm the judgment of the trial court and deny Deer Park's request for appellate attorney fees.

### FACTS

Stillwell signed a lease with Deer Park to rent an apartment in Bloomington from January 8, 2005, to August 30, 2005. He later renewed the lease term through August 31, 2006, but informed the leasing agents that he planned to enlist in the United States Navy and may need to vacate the apartment early. The leasing agents confirmed that the Servicemembers Civil Relief Act (SCRA) would allow Stillwell to terminate the lease if he provided Deer Park with written notice of his mili-

tary orders.[1]

Stillwell enlisted with the Navy on May 18, 2006. Although Deer Park never received Stillwell's military orders, Stillwell vacated the apartment and stopped paying his rent. On August 10, 2006, Deer Park received a letter from Stillwell's mother that included a copy of the Navy's Enlistment Oath and Enlistment Guarantees but did not include Stillwell's military orders.

Deer Park filed a small claims notice against Stillwell on July 13, 2006, seeking $2189.25 in damages and $72 in court costs. The trial court held a bench trial on September 29, 2006, and entered judgment in favor of Deer Park on November 21, 2006. Stillwell was ordered to pay Deer Park $1590.43 in damages. Stillwell now appeals.

## DISCUSSION AND DECISION

### I. Standard of Review

■ Small claims actions are "informal, with the sole objective of dispensing speedy justice between the parties according to the rules of substantive law." Ind. Small Claims Rule 8(A). Judgments in small claims actions are "subject to review as prescribed by relevant Indiana rules and statutes." Ind. Small Claims Rule 11(A). Under Indiana Trial Rule 52(A), the clearly erroneous standard applies to appellate review of facts determined in a bench trial with due regard given to the opportunity of the trial court to assess witness credibility. *Trinity Homes, LLC v. Fang,* 848 N.E.2d 1065, 1067 (Ind.2006). This deferential standard does not apply to the substantive rules of law, which are reviewed de novo. *Lae v. Householder,* 789 N.E.2d 481, 483 (Ind.2003).

### II. Deer Park's Representation

Stillwell argues that the trial court erred by allowing Deer Park to represent itself pro se. Specifically, Stillwell argues that the rental agent representing Deer Park before trial "did not understand discovery and the importance of full and timely compliance with the judge's discovery order. . . . A member of the bar would have understood the ramifications of ignoring court orders and would have provided the ordered discovery." Appellant's Br. p. 9.

■ Small Claims Rule 8(C) provides that

A natural person may appear pro se or by counsel in any small claims proceeding. *A corporation must appear by counsel* or, in unassigned claims not exceeding one thousand five hundred dollars ($1,500), by a full-time employee of the corporation designated by the Board of Directors to appear as the corporation in the presentation or defense of claims arising out of the business of the corporation. In unassigned claims not exceeding one thousand five hundred dollars ($1,500), a sole proprietor or partnership may appear by a designated full-time employee of the business in the presentation or defense of claims arising out of the business.

(Emphasis added). We have held that the purpose of requiring a corporation to be represented by legal counsel in a small claims proceeding is "to curtail unlicensed practice of law, the attendant ills of which can be exacerbated when one of the litigants is a corporation." *Yogi Bear Membership Corp. v. Stalnaker,* 571 N.E.2d 331, 333 (Ind.Ct.App.1991). In particular, because a corporation necessarily must be

---

1. Specifically, the SCRA provides that a lessee can terminate a property lease by delivering a copy of his military orders to the landlord and that the lease will terminate "30 days after the first date on which the next rental payment is due and payable after the date on which the notice . . . is delivered." 50 U.S.C. app. § 535.

represented by agents, "[w]hen these agents are not attorneys, a lack of legal expertise combined with a failure to maintain a proper chain of communication between the agents at each level of the action may act to frustrate the continuity, clarity and adversity which the judicial process demands." *Id.* Our Supreme Court has held that a county court exceeded its jurisdiction by allowing a corporation to appear in small claims court through non-lawyer agents. *State ex rel. W. Parks, Inc. v. Bartholomew County Court,* 270 Ind. 41, 45, 383 N.E.2d 290, 293 (1978).

Because Deer Park's claim exceeded $1500, Small Claims Rule 8 required it to be represented by counsel. Deer Park's response to Stillwell's argument states, in its entirety, "As the chronological case summary entry of September 29, 2006 indicates, [Deer Park] appeared by counsel for the bench trial." Appellee's Br. p. 3. While the CCS entry that Deer Park cites notes that Deer Park "appears in person and by counsel ... for Bench Trial[,]" we cannot discern when Deer Park's counsel began representing the corporation because, as the trial court notes in a later CCS entry, Deer Park's "attorney [ ] failed to file an appearance in this cause as required by Indiana Trial Rule 3.1." Appellee's App. p. 4, 5.

Furthermore, Deer Park's argument does not address the two and one-half months before trial during which it apparently was not represented by counsel. And because neither party included Deer Park's notice of claim in its appendix, there is no evidence in the record that an attorney filed the notice of claim on behalf of Deer Park or represented the corporation during pretrial discovery. In fact, the only relevant pretrial evidence in the record is Deer Park's September 8, 2006, motion for discovery, which was signed by "Bess Courtney, Leasing Agent Deer Park Management." Appellant's Supp.App. p. 1. There is no evidence that Courtney was an attorney. Therefore, the only reasonable conclusion from Deer Park's argument—or lack thereof—and the evidence in the record is that Deer Park was not represented by counsel until the bench trial on September 29, 2006.

■ Small Claims Rule 8 does not distinguish between pretrial representation and trial representation. Instead, it states that if a claim exceeds $1500, "[a] corporation must appear by counsel." S.C.R. 8(C). Because Deer Park sought and received damages over $1500, the plain language of Small Claims Rule 8 required it to be represented by counsel from the initiation of its claim. Therefore, the trial court erred by allowing Deer Park to proceed without legal representation before trial.

Nevertheless, it is unclear whether such error is reversible. Although not a small claims action, the panel in *Christian Business Phone Book v. Indianapolis Jewish Community Relations,* 576 N.E.2d 1276 (Ind.Ct.App.1991), faced a similar fact pattern. In that case, we set aside the trial court's dismissal of a corporate plaintiff's complaint, which had been signed by the president of the corporation. *Id.* at 1277. No attorney appeared for the corporation at the time it filed the complaint, the defendant filed a motion to dismiss, and the corporation's attorney filed an appearance the day of the hearing on the motion to dismiss. Although counsel represented the corporation at the hearing, the trial court dismissed the action. On appeal, we reversed the trial court's dismissal, holding that

[w]e cannot support such a terminal result here. Dismissal is a remedy which is not favored in this state because in our system of justice the opportunity to be heard is a litigant's most precious

right and should be sparingly denied. In numerous cases, our appellate courts have held that dismissal should not be granted unless less drastic sanctions will not suffice.

*Id.*

In *Western Parks*—the case in which our Supreme Court held that a county court exceeded its jurisdiction by allowing a corporation to appear through non-lawyer agents—the Supreme Court did not order the cause of action to be dismissed. 383 N.E.2d at 293. Instead, the court issued a writ prohibiting the trial court from exercising further jurisdiction until counsel appeared for the corporation. *Id.* In sum, our Supreme Court did not find a corporation's lack of representation in small claims court to be reversible error but, instead, remanded the action to give the corporation an opportunity to remedy the error.

 Because it appears that Deer Park was represented at trial,[2] we need not remand this cause to the trial court because Deer Park has already remedied the error. Put another way, while this issue would have been ripe for a pretrial motion to dismiss when Deer Park was not represented, Stillwell did not file a motion of that nature. Therefore, while Deer Park should have been represented from the inception of its claim, the error here is not reversible because Deer Park was represented at trial.

## II. Continuances

 Stillwell argues that the trial court abused its discretion by granting four continuances in favor of Deer Park. Appellant's Br. p. 9–10. Small Claims Rule 9 provides that "[e]ither party may be granted a continuance for good cause shown. Except in unusual circumstances no party shall be allowed more than one (1) continuance in any case, and all continuances must have the specific approval of the court." The grant or denial of a motion for continuance rests in the sound discretion of the trial court and will be reversed only for an abuse of that discretion. *Robertson v. Bd. of Zoning Appeals,* 699 N.E.2d 310, 319 (Ind.Ct.App.1998).

The evidence in the record shows that, in fact, Deer Park only received one continuance. Appellant's App. p. 1–2; Appellee's App. p. 2–3. While we are unsure why Stillwell believes that Deer Park received four continuances, it is possible that he erroneously interpreted the CCS entries changing the trial date in response to the parties' discovery disputes as continuances in favor of Deer Park. However, because there is no evidence that the trial court granted Deer Park more than one continuance,[3] Stillwell's argument fails.

## III. Ex Parte Communication

 Stillwell argues that the trial court erred by engaging in ex parte communication with Deer Park at a hearing after the trial. The trial court held a hearing on January 29, 2007, to prepare a statement of the evidence for Stillwell's appeal. Notice of the hearing was sent to both parties, and Stillwell corresponded with the trial court three days before the hearing. Appellee's App. p. 6. Nonetheless, Stillwell failed to appear at the hearing. *Id.*

---

**2.** Since this was a small claims matter and there is no transcript of the hearing, we cannot simply read the transcript and determine who represented Deer Park at trial. However, as noted above, the CCS indicates that Deer Park appeared "in person and by counsel" at the trial, appellee's app. p. 4, and

Stillwell only complains about Deer Park's pretrial lack of representation.

**3.** Stillwell does not argue that Deer Park did not show good cause when it requested its continuance.

"A communication is ex parte if made by a party outside the record *without giving other parties notice* or an opportunity to contest." *In re Anonymous,* 729 N.E.2d 566, 568 (Ind.2000) (emphasis added). Stillwell had notice of the hearing and did not attend. Therefore, the hearing did not constitute ex parte communication and Stillwell's argument to the contrary fails.

### IV. Appellate Attorney Fees

Deer Park requests that we award it appellate attorney fees pursuant to Indiana Appellate Rule 66(E), which provides, in pertinent part, "[t]he Court may assess damages if an appeal ... is frivolous or in bad faith. Damages shall be in the Court's discretion and may include attorney's fees." Our discretion to award attorney fees under Indiana Appellate Rule 66(E) is limited, however, to instances when an appeal is permeated with meritlessness, bad faith, frivolity, harassment, vexatiousness, or purpose of delay. *Thacker v. Wentzel,* 797 N.E.2d 342, 346 (Ind.Ct.App.2003).

Although we ultimately affirm the judgment of the trial court, we decline Deer Park's request for appellate attorney fees. Stillwell's appeal was not meritless, as proven by his claim that Deer Park should have been represented by counsel throughout its pursuit of the small claims action. Therefore, we decline Deer Park's request for appellate attorney fees.

The judgment of the trial court is affirmed and Deer Park's request for appellate attorney fees is denied.

BAILEY, J., and VAIDIK, J., concur.