**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED
Feb 16 2012, 9:10 am
CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**BARBARA A. BOLLING**
Gary, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ROSEWOOD MANAGEMENT COMPANY, INC., | ) ) ) | |
| Appellant-Plaintiff, | ) ) | |
| vs. | ) ) | No. 45A05-1107-CC-447 |
| TWYLA SMITH, | ) ) | |
| Appellee-Defendant. | ) | |

APPEAL FROM THE LAKE SUPERIOR COURT
The Honorable Calvin D. Hawkins, Judge
Cause No. 45D02-1103-CC-86

**February 16, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

Rosewood Management Company, Inc. ("Rosewood Management") appeals the trial court's entry of judgment on the evidence in favor of Twyla Smith. Rosewood Management contends that the trial court abused its discretion when it entered judgment on the evidence and also that the trial judge improperly assumed the role of advocate for Smith, the pro se defendant. We disagree and affirm the judgment.

**Facts and Procedural History**

Smith is a tenant at Rosewood Apartments in East Chicago. Her landlord is Rosewood Management. On October 27, 2010, a fire occurred in Smith's apartment. As a result of the fire, Smith's apartment sustained damage, including damage to the stove, the kitchen ceiling, and the kitchen walls. Pursuant to the lease agreement between the parties "[w]henever damage is caused by carelessness, misuse or neglect on the part of the Tenant, his/her family or visitors, the Tenant agrees to pay: (a) the cost of all repairs and do so within 30 days after receipt of the Owner's demand for the repair charges …." Plaintiff's Ex. B. Rosewood Management made repairs to Smith's apartment and submitted a demand for payment to Smith in the amount of $610.29 on January 14, 2010. Smith did not pay the demand. Rosewood Management sued Smith for possession of the apartment.

A bench trial was held on May 19, 2011. Rosewood Management appeared by counsel and Smith appeared pro se. During presentation of its case, Rosewood Management maintained that the fire was caused by Smith's negligence and, thus, she was contractually obligated to pay for the damages. Rosewood Management offered testimony that Smith was

in exclusive possession of her apartment and that the stove and an iron were found badly burned. Rosewood Management submitted no evidence or expert testimony regarding the actual cause of the fire. Following the presentation of its case, the trial court entered a directed verdict, also known as judgment on the evidence, in favor of Smith. This appeal ensued.

**Discussion and Decision**

Rosewood Management challenges the trial court's entry of judgment on the evidence. We begin by noting that Smith has failed to file an appellee's brief. Consequently, we need not undertake the burden of developing her argument. *Tisdial v. Young*, 925 N.E.2d 783, 784 (Ind. Ct. App. 2010). Instead, we may reverse the trial court's judgment if Rosewood Management establishes prima facie error, which is "error at first sight, on first appearance, or on the face of it." *Id*. at 784-85.

Our standard of review on a challenge to a judgment on the evidence is the same as the standard governing the trial court. *Collins v. McKinney*, 871 N.E.2d 363, 370 (Ind. Ct. App. 2007). Judgment on the evidence is proper where all or some of the issues are not supported by sufficient evidence. *Id*. "Judgment on the evidence in favor of the defendant is proper when there is an absence of evidence or reasonable inferences in favor of the plaintiff upon an issue in question." *Paragon Family Rest. v. Bartolini*, 799 N.E.2d 1048, 1051 (Ind. 2003). We examine the evidence from a quantitative as well as a qualitative perspective. *Hartford Steam Boiler Inspection & Ins. Co. v. White*, 775 N.E.2d 1128, 1133 (Ind. Ct. App. 2002), *trans. denied*. "Quantitatively, evidence may fail only where there is none at all;

3

however, qualitatively, it fails when it cannot reasonably be said that the intended inference may logically be drawn therefrom." *Id.* The failure of such inference may occur as a matter of law when the intended inference can rest on no more than speculation or conjecture. *Id.*

Rosewood Management acknowledges that, in order to recover damages from Smith, it bore the burden of proving that the fire was caused by Smith's negligence or carelessness. Rosewood Management maintains that, pursuant to the doctrine of res ipsa loquitur, Smith's negligence may be inferred from the evidence presented. Accordingly, Rosewood Management contends that judgment on the evidence was inappropriate. We disagree.

Res ipsa loquitur, or "the thing speaks for itself," is a rule of evidence which allows an inference of negligence to be drawn from certain surrounding facts. *Rector v. Oliver*, 809 N.E.2d 887, 889 (Ind. Ct. App. 2004), *trans. denied*. Application of the doctrine depends entirely upon the nature of the occurrence out of which the injury arose. *Vogler v. Dominguez*, 624 N.E.2d 56, 61 (Ind. Ct. App. 1993), *trans. denied* (1994). Pursuant to the doctrine, negligence may be inferred where (1) the injuring instrumentality is shown to be under the management or exclusive control of the defendant or his servants, and (2) the accident is such as in the ordinary course of things does not happen if those who have management of the injuring instrumentality use proper care. *Id.* In determining if the doctrine is applicable, the question is whether the incident more probably resulted from the defendant's negligence as opposed to another cause. *K-Mart Corp. v. Gipson*, 563 N.E.2d 667, 669 (Ind. Ct. App. 1990), *trans. denied*. A plaintiff may rely on common sense and

4

experience or expert testimony to show that the event or occurrence was more probably the result of negligence. *Vogler*, 624 N.E.2d at 61.

Here, although Smith may have been in the exclusive possession of her apartment, the stove, and the iron, common sense and experience tell us that fires can start for a whole host of reasons and even under circumstances where proper care has been exercised. It is purely speculative to suggest that merely because a fire started in Smith's apartment, it did so only because Smith was negligent. Rosewood Management presented no evidence, expert or otherwise, as to the cause of the fire. Under the circumstances, the doctrine of res ipsa loquitur does not apply. In the absence of evidence or reasonable inferences in favor of Rosewood Management on the issue of Smith's negligence, the trial court did not abuse its discretion when it entered judgment on the evidence in favor of Smith.

Rosewood Management next complains that the trial court erroneously assumed the role of advocate for Smith by aiding her with cross-examination and by instructing her to move for judgment on the evidence. We agree with Rosewood that the trial judge is to serve as a neutral and passive arbiter. *See Owens v. State*, 750 N.E.2d 403, 409 (Ind. Ct. App. 2001); *see also Branham v. Varble*, 952 N.E.2d 744, 747 (Ind. 2011) (recognizing trial judge role as neutral arbiter). A violation of due process occurs where a trial judge combines the roles of judge and advocate. *In re Commitment of Roberts*, 723 N.E.2d 474, 476 (Ind. Ct. App. 2000). However, as we have noted in the criminal law context, the trial judge may intervene in an effort to promote clarity or dispel obscurity, so long as it is accomplished in an impartial manner. *Kennedy v. State*, 258 Ind. 211, 226, 280 N.E.2d 611, 620 (1978). A

5

judge's discretion to intervene is greater in bench trials than in trials before juries. *Ware v. State*, 560 N.E.2d 536, 539 (Ind. Ct. App. 1990), *trans. denied*.

Although Smith, as a pro se litigant, should have been held to the same standard as trained legal counsel, *Goossens v. Goossens*, 829 N.E.2d 36, 43 (Ind. Ct. App. 2005), our review of the record reveals impartial but necessary intervention on the part of the trial judge to move the bench proceedings along. The judge intervened to preclude Smith from improperly making statements during her cross-examination of witnesses and to repeatedly remind her to frame those statements as questions for the witnesses. This intervention by the trial court effectively aided the trial process and did not amount to the trial judge taking on an advocacy role.

Regarding the trial judge's instruction to Smith to move for judgment on the evidence following Rosewood Management's presentation of its case, we again find no impropriety. Rosewood Management insinuates that had Smith not been instructed to move for judgment on the evidence, the trial would have proceeded. However, it is well settled that the trial court upon its own motion may enter judgment on the evidence at any time before final judgment. Ind. Trial Rule 50(A)(6). As stated, in light of the lack of evidence presented on the issue of Smith's negligence, judgment on the evidence was appropriate.[1] Rosewood

---

[1] Rosewood Management disingenuously asserts that, by entering judgment on the evidence, the trial court "stopped" Smith from testifying as a witness and, therefore, Rosewood Management was denied the opportunity to cross-examine Smith. Appellant's Br. at 8. As noted by the trial court, Rosewood Management could have called Smith as a witness in the presentation of its case. Tr. at 51. Rosewood Management failed to do so.

6

Management has neither shown that the trial judge acted as an advocate for Smith nor how it was prejudiced by the judge's intervention in this case.  Therefore, we affirm the judgment.

Affirmed.

MAY, J., and BROWN, J., concur.