**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED
Aug 12 2014, 9:06 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JOHN C. DRIER**
Plainfield, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| TODD FIRKINS, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | No. 55A01-1311-DR-488 |
| | ) | |
| SHERYL FIRKINS, | ) | |
| | ) | |
| Appellee. | ) | |

APPEAL FROM THE MORGAN SUPERIOR COURT
The Honorable Christopher Burnham, Judge
Cause No. 55D02-1003-DR-96

**August 12, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**MATHIAS, Judge**

Todd Firkins ("Father") appeals the Morgan Superior Court's order modifying child custody and parenting time and establishing Father's weekly child support obligation. Father raises several issues, which we consolidate and restate as:

I. Whether the trial court's sua sponte questioning of Sheryl Firkins ("Mother") transformed the impartial tribunal into an advocate for Mother;

II. Whether the trial court abused its discretion when it modified legal custody and awarded sole legal custody to Mother;

III. Whether the trial court abused its discretion in calculating Father's child support obligation;

IV. Whether the trial court abused its discretion when it awarded both child dependency tax exemptions to Mother for the 2013 tax year; and,

V. Whether the evidence supports the restriction imposed on Father's parenting time.

We reverse the trial court's calculation of Father's child support obligation and remand with instructions to issue a corrected child support order, but affirm in all other respects.

**Facts and Procedural History**

Mother and Father's marriage was dissolved in May 2010. In their written settlement agreement, the parties agreed to share joint physical and legal custody of their two minor children. Neither party was ordered to pay child support, and they agreed to equally share the tax dependency exemptions for the children. The parties alternated physical custody of the children weekly.

However, in January 2011, Father moved from his residence, and Mother could not locate him. Father failed to contact Mother or the children for six months. On some

2

date in June 2011, Father finally contacted Mother and established parenting time with the children. However, the parties did not revert to their weekly alternating shared physical custody arrangement. The parties eventually established a schedule where Father exercised parenting time with the children every other weekend and one evening per week.

Over Father's objection, Mother enrolled the children in a Catholic school at the start of the 2011-12 school year at her own expense. Mother did not believe that the public school system was meeting their son's special needs. Mother has noted substantial improvement in the son's academic progress since attending the Catholic school. The parties' daughter is an excellent student.

On April 10, 2013, Mother filed a petition to modify child support and custody. In response, Father filed a motion to show cause why Mother should not be held in contempt because she enrolled the children in Catholic school over his objection. The trial court held a hearing on the parties' pending motions on September 20, 2013.

Evidence presented at the hearing established that Mother resides with her boyfriend and her children, including Mother's three older children from prior relationships, and has not been employed since 2009. Mother is a high school and cosmetology school graduate. Mother receives social security survivor benefits on behalf of two of her three older children. Father resides with his girlfriend. He is employed as a machinist and earns $19 per hour. Father is able to obtain insurance for the children through his employer at a cost of $30 per week.

On October 10, 2013, the trial court issued an order modifying child custody and establishing Father's child support obligation. The court awarded Mother sole legal and sole physical custody of the children and awarded Father parenting time consistent with the Indiana Parenting Time Guidelines, except that 1) Father may not have overnight visitation with the children Sunday through Thursday when school is in session, 2) he is "prohibited from operating a vehicle with the children on board until he has reinstated his driver license and shown and maintains proof of financial responsibility to the BMV and to [Mother]" and 3) he "must not be under the influence of any intoxicating or mood-altering substances while the children are under his physical care during any parenting time." Appellant's App. p. 10.

The trial court ordered Father to maintain medical insurance coverage for the children and to pay $152 weekly in child support. The trial court also awarded Mother the sole right to claim the children as dependents for tax purposes for the 2013 tax year, but ordered that Father may claim one child for tax purposes for 2014 and thereafter, if he is current in his child support payments.

Father now appeals. Additional facts will be provided as necessary.

**Prima Facie Standard of Review**

We note that Mother has not filed an appellee's brief. When an appellee fails to submit a brief, we do not undertake the burden of developing the appellee's arguments, and we apply a less stringent standard of review, that is, we may reverse if the appellant establishes prima facie error. Zoller v. Zoller, 858 N.E.2d 124, 126 (Ind. Ct. App. 2006). This rule was established so that we might be relieved of the burden of controverting the

4

arguments advanced in favor of reversal where that burden properly rests with the appellee. Wright v. Wright, 782 N.E.2d 363, 366 (Ind. Ct. App. 2002). However, we review de novo questions of law, regardless of the appellee's failure to submit a brief. McClure v. Cooper, 893 N.E.2d 337, 339 (Ind. Ct. App. 2008).

## I. Impartiality of the Trial Judge

The role of the trial judge is to serve as a neutral and passive arbiter. See Owens v. State, 750 N.E.2d 403, 409 (Ind. Ct. App. 2001); see also Branham v. Varble, 952 N.E.2d 744, 747 (Ind. 2011) (recognizing trial judge role as neutral arbiter). A violation of due process occurs where a trial judge combines the roles of judge and advocate. In re Commitment of Roberts, 723 N.E.2d 474, 476 (Ind. Ct. App. 2000). However, the trial judge may intervene in an effort to promote clarity or dispel obscurity, so long as it is accomplished in an impartial manner. A.N. v. K.G., 3 N.E.3d 989, 995 (Ind. Ct. App. 2014). Importantly, a judge's discretion to intervene is greater in bench trials than in trials before juries. Ware v. State, 560 N.E.2d 536, 539 (Ind. Ct. App. 1990), trans. denied.

Father argues that the trial court acted not as an impartial tribunal, but as an advocate for Mother, when the court sua sponte questioned Mother. The trial court asked questions about Mother's address, the public school district the children would attend if they did not attend Catholic school, Mother's employment status, Mother's current living arrangement, and her other children from prior relationships. The purpose of these inquiries was clarification of Mother's prior testimony, and the trial court acted within its discretion when it asked the questions.

5

The trial court also asked Mother whether Father ever explained his six-month disappearance from the children's lives from January 2011 to June 2011. Mother responded that she and the children were never given a reason for Father's absence. The court also wanted to know if Father had ever been treated for mental illness, and Mother responded in the negative. Mother was asked whether she knew where Father was employed and if she had any information about his current living arrangement. Finally, the court asked Mother additional questions about their son's learning disability, the services he receives from his school, his progress in school, and the student to teacher ratio of the children's Catholic school. Tr. pp. 33-38.

We agree these questions go beyond mere clarification, but the court's inquiries were aimed at providing the court with a complete picture of the parties' circumstances since the dissolution of their marriage. Trial judges are fact finders in dissolution, custody and support proceedings and are called upon in those proceedings to make life-changing decisions in the lives of children. It is therefore especially important in such instances that they have a complete picture of the facts and circumstances at issue. Moreover, Father failed to object to the trial court's questions. A party's failure to object at trial results in waiver, unless error is fundamental, i.e. "a blatant violation of basic principles rendering the trial unfair." Davis v. State, 835 N.E.2d 1102, 1107 (Ind. Ct. App. 2005), trans denied. Although these standards have been developed in Indiana's criminal law, we may apply the doctrine when considering a party's failure to object to alleged error in the civil context. See e.g. A.N., 3 N.E.3d at 994-95.

On the record before us, the trial court's questions, seeking clarification of and additional development of certain relevant and important facts, do not constitute fundamental error. Moreover, and most importantly, the parties' counsel were given the opportunity to re-examine Mother after the trial court ended its inquiry. Tr. p. 38. For all of these reasons, Father has not established that the trial court's questions rendered the bench trial unfair.

## II. Custody Modification

Father next argues that the trial court abused its discretion when it modified legal custody of the children because Mother agreed to joint legal custody and the evidence is insufficient to support the modification.[1] Where, as here, the trial court enters findings and conclusions sua sponte, the specific findings control only as to the issues they cover, while a general judgment standard applies to any issues upon which the trial court has not found. Kietzman v. Kietzman, 992 N.E.2d 946, 948 (Ind. Ct. App. 2013). We may affirm a general judgment on any theory supported by the evidence adduced at trial. Id.

The modification of a custody order lies within the sound discretion of the trial court. Haley v. Haley, 771 N.E.2d 743, 747 (Ind. Ct. App. 2002). On appeal, we will reverse a trial court's decision only upon a showing of an abuse of discretion, which occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances. Id. We do not judge witness credibility nor reweigh the evidence. Id. We consider only the evidence which supports the trial court's decision. Id. Moreover,

---

[1] Father does not challenge the trial court's modification of physical custody.

7

[a]ppellate deference to the determinations of our trial court judges, especially in domestic relations matters, is warranted because of their unique, direct interactions with the parties face-to-face, often over an extended period of time. Thus enabled to assess credibility and character through both factual testimony and intuitive discernment, our trial judges are in a superior position to ascertain information and apply common sense, particularly in the determination of the best interests of the involved children.

Best v. Best, 941 N.E.2d 499, 502 (Ind. 2011)

We initially observe that an award of joint legal custody is governed by Indiana Code section 31-17-2-15, which provides that the trial court should consider whether the parties have agreed to an award of joint legal custody, in addition to the following factors:

(1) the fitness and suitability of each of the persons awarded joint custody;
(2) whether the persons awarded joint custody are willing and able to communicate and cooperate in advancing the child's welfare;
(3) the wishes of the child, with more consideration given to the child's wishes if the child is at least fourteen (14) years of age;
(4) whether the child has established a close and beneficial relationship with both of the persons awarded joint custody;
(5) whether the persons awarded joint custody:
    (A) live in close proximity to each other; and
    (B) plan to continue to do so; and
(6) the nature of the physical and emotional environment in the home of each of the persons awarded joint custody.

In the initial custody determination, both parents are presumed equally entitled to custody, but a petitioner seeking subsequent modification bears the burden of demonstrating that the existing custody arrangement should be altered. Green v. Green, 843 N.E.2d 23, 29 (Ind. Ct. App. 2006). A court may not modify a child custody order unless (1) the modification is in the best interests of the child and (2) there is a substantial change in one or more of the factors a court may consider under Indiana Code section 31-

17-2-8 when it originally determines custody. See Ind. Code § 31-17-2-21. These factors are:

> 1) The age and sex of the child.
> (2) The wishes of the child's parent or parents.
> (3) The wishes of the child, with more consideration given to the child's wishes if the child is at least fourteen (14) years of age.
> (4) The interaction and interrelationship of the child with:
> > (A) the child's parent or parents;
> > (B) the child's sibling; and
> > (C) any other person who may significantly affect the child's best interests.
> (5) The child's adjustment to the child's:
> > (A) home;
> > (B) school; and
> > (C) community.
> (6) The mental and physical health of all individuals involved.
> (7) Evidence of a pattern of domestic or family violence by either parent.
> (8) Evidence that the child has been cared for by a de facto custodian. . . .

I.C. § 31-17-2-8.

In this case, when their marriage was dissolved, the parties agreed that they would share joint legal and physical custody of the children. In her petition to modify custody, Mother sought only sole physical custody. At the hearing, Mother testified that she was "okay" with joint legal custody. Tr. p. 13. Yet, the trial court found that it was in the best interests of the children for Mother to "be the legal and primary physical custodian of the children." Appellant's App. p. 9.

Father's argument that the trial court erred because Mother acquiesced to continued joint legal custody is unavailing. The welfare of the parties' children is of paramount concern when determining whether a custody modification is in their best interests. See In re Paternity of J.M., 766 N.E.2d 1203, 1209 (Ind. Ct. App. 2002)

(stating "[t]he welfare of the child, not the wishes and desires of the parents, is the primary concern of the courts").

Moreover, the evidence is sufficient to support modification of legal custody solely to Mother. In January 2011, Father disappeared from the children's lives for six months, without any prior or subsequent explanation. Mother has made all decisions concerning the children's welfare since that date. Father never formally objected to any of Mother's decisions concerning the welfare of the children until after Mother filed her petition to modify custody and support.

Mother made the decision to place the children in a private catholic school at her own expense because of the parties' son's learning disability. Mother did not believe the public school was meeting his needs. The parties' son has progressed academically in the smaller, private school environment. Father objects to the children's enrollment in the school on theological grounds, but the trial court observed:

> [Father] could not point to any defects in the academic curriculum, teacher to student ratios, ISTEP test scores or school rating of the school to support any other criteria to reject [Mother's] plan to enroll the children in a better school, at her expense, for the children's best interests.

Appellant's App. p. 9.

Father has demonstrated more stability in his life in the past two years. He has obtained steady employment and more stable living arrangements. However, in late 2009, during the dissolution proceedings, Father was convicted of operating a vehicle while intoxicated. His driver's license was suspended for two years, and as of the date of the modification hearing almost three years later, he had not had his license reinstated. Tr. p.

10

77. Demonstrating continued bad judgment, Father has been driving without a license and he did not tell Mother that his license was suspended. Mother first learned that Father has been driving without a license with the children in his vehicle at the modification hearing. Tr. p. 78. Presumably, Father also lacks car insurance because he does not have a valid driver's license. Tr. p. 81.

For all of these reasons, we conclude that the trial court's modification of legal custody solely to Mother is supported by sufficient evidence and is in the children's best interests.

### III. Child Support

Father argues that the trial court erred when it calculated his child support obligation because the court failed to impute income to Mother in the amount of $20,000, and failed to give him credit for the health insurance premium he was ordered to pay for the children. Child support calculations are made using the income shares model set forth in the Indiana Child Support Guidelines ("Guidelines"). Sandlin v. Sandlin, 972 N.E.2d 371, 374 (Ind. Ct. App. 2012). The Guidelines apportion the cost of supporting children between the parents in accordance with their means, based upon the premise that children should receive the same portion of parental income after a dissolution that they would have received if the family had remained intact. Id. A trial court's calculation of child support under the Guidelines is presumptively valid and we will reverse a decision in child support matters only if it is an abuse of discretion, that is, when the trial court misinterprets the law or the decision is clearly against the logic and effect of the facts and circumstances that were before the court. Id.

11

## A. *Mother's Income*

The trial court may impute income to a parent for purposes of calculating child support upon determining that he or she is voluntarily unemployed or underemployed. Id. at 375 (citing In re Paternity of Buehler, 576 N.E.2d 1354, 1355-56 (Ind. Ct. App. 1991)). The Guidelines permit imputation to discourage parents from avoiding significant child support obligations by becoming unemployed or taking a lower paying job; however, the Guidelines do not require that parents work to their full economic potential. Id.

Here, it is undisputed that Mother is voluntarily unemployed. She testified that she was last employed in 2009, and her income was $20,000 while working part-time. For this reason, the trial court imputed income to Mother in the amount of $290 per week (or $15,080 annually). At the hearing and on his child support worksheet, Father requested that the trial court impute $290 per week to Mother. Tr. p. 68; Ex. Vol., Respondent's Ex. C. Because the trial court imputed income to Mother in the amount Father requested, Father cannot now complain that the court should have imputed additional income to Mother. See Reinhardt v. Reinhardt, 938 N.E.2d 788, 791 (Ind. Ct. App. 2010) (stating that "[u]nder the invited error doctrine, a party may not take advantage of an error that he commits, invites, or which is the natural consequence of his own neglect or misconduct ").

## B. *Health Insurance Premium*

During the hearing, Father testified that health insurance is available for the children through his employer, and that he could enroll the children on his insurance plan. After the hearing, at the request of the trial court, Father submitted evidence to the court

12

that the cost for the children's portion of Father's health insurance premium is approximately $30 per week. See Appellant's App. p. 10. Although the health insurance premium worksheet was completed by the trial court, the premium amount was not included in the calculation of Father's child support obligation. See id. at 12, 14.

The Child Support Guidelines provide that, generally, a parent should receive a health insurance credit in an amount equal to the premium cost the parent actually pays for a child's health insurance. Julie C. v. Andrew C., 924 N.E.2d 1249, 1261 (Ind. Ct. App. 2010); see also Ind. Child Support Guideline 3(E)(2). The trial court failed to credit Father for this expense; therefore, we reverse the trial court's child support calculation and remand for a recalculation of Father's weekly child support obligation after credit is given for the children's health insurance premium. See Ashworth v. Ehrgott, 934 N.E.2d 152, 162 (Ind. Ct. App. 2010).

### IV. Tax Exemptions

In their dissolution agreement, the parties agreed that Mother would claim the parties' daughter and Father would claim the parties' son for all State and Federal tax exemption purposes each year. Appellant's App. p. 18. Father argues that the trial court abused its discretion when it modified their agreement by awarding both tax dependency exemptions to Mother for the 2013 tax year.

"26 U.S.C. § 152(e) (2000) automatically grants a dependency exemption to a custodial parent of a minor child but permits an exception where the custodial parent executes a written waiver of the exemption for a particular tax year." Quinn v. Threlkel,

13

858 N.E.2d 665, 675 (Ind. Ct. App. 2006). Under certain circumstances, the trial court may order the custodial parent to sign a waiver of the dependency exemption. Id.

The Indiana Child Support Guidelines were developed without taking into consideration the award of the dependency exemption. Id. The Guidelines instruct trial courts to review each case on an individual basis, but recommend, at a minimum, consideration of the following five factors:

(1) the value of the exemption at the marginal tax rate of each parent;
(2) the income of each parent;
(3) the age of the child(ren) and how long the exemption will be available;
(4) the percentage of the cost of supporting the child(ren) borne by each parent;
(5) the financial aid benefit for post-secondary education for the child(ren); and
(6) the financial burden assumed by each parent under the property settlement in the case.

Ind. Child Supp. G. 9. When considering these factors, a trial court's equitable discretion should be guided primarily by the goal of maximizing the amount of support available to the child. Harris v. Harris, 800 N.E.2d 930, 941 (Ind. Ct. App. 2003), trans. denied. In addition,

If a court determines that a parent who is ordered to pay child support may claim the child as a dependent under subsection (a), the court shall include in the order that the parent may only claim the child as a dependent for federal and state tax purposes if the parent has paid at least ninety-five percent (95%) of the parent's child support for the calendar year for which the parent is ordered to claim the child as a dependent by January 31 of the following year.

Ind. Code § 31-16-6-1.5(d).

When their marriage was dissolved, the parties agreed to joint physical custody and each party had custody of the children in alternating weeks. Further, they agreed that

14

each parties' child support obligation would be $0 per week and that they would share the tax exemptions for the children.

However, as we have noted above, Father abandoned the children for six months in 2011, and the parties never resumed their shared custody arrangement after he re-entered the children's lives. Mother has assumed sole physical custody of the children, and therefore the accompanying financial cost, since January 2011. For this reason, we cannot conclude that the trial court erred when it awarded the tax dependency exemptions for both children to Mother for the 2013 tax year.

The trial court also ordered that Father may claim one child for tax purposes for 2014 and thereafter, if he is current in his child support payments. In accord with section 31-16-6-1.5(d), the court defined "current" as "95% of total child support obligation for that tax year paid as of the deadline of Dec. 30th[.]" Appellant's App. p. 10.

For all of these reasons, we conclude that the trial court acted within its discretion when it awarded both tax dependency exemptions to Mother for the 2013 tax year.

### V. Parenting Time Restriction

Finally, we address Father's claim that the trial court improperly placed a restriction on his parenting time. We review and will reverse a trial court's determination of a parenting time issue only for an abuse of discretion. Shady v. Shady, 858 N.E.2d 128, 143 (Ind. Ct. App. 2006), trans. denied. On appeal, we will not reweigh the evidence or judge witness credibility. Id. "In all parenting time controversies, courts are required to give foremost consideration to the best interests of the child." Id.

Father does not challenge the parenting time awarded, but only the restriction that he "must not be under the influence of any intoxicating or mood-altering substances while the children are under his physical care during any parenting time." Appellant's App. p. 10. Father correctly observes that the only evidence of his alcohol consumption was testimony concerning his 2009 operating a vehicle while intoxicated conviction. Therefore, he argues that "[r]estricting [Father's] parenting time with his children such that he cannot even have a beer in their presence was clear error." Appellant's Br. at 13.

Father argues that a "parent's unrestricted time with his children is presumed to be in their best interest." Id. (citing Perkinson v. Perkinson, 989 N.E.2d 758 (Ind. 2013)). We can logically conclude that if a parent is under the influence of intoxicating substances during his or her parenting time, his or her child(ren)'s physical and/or mental health are likely endangered. The challenged restriction on Father's parenting time is simply common sense. No reasonable person could conclude that it is the children's best interests for Father to be under the influence of intoxicating substances during his parenting time. For these reasons, we conclude that the trial court's restriction on Father's parenting time is reasonable, particularly in light of his prior operating a vehicle while intoxicated conviction.

**Conclusion**

The trial court abused its discretion only when it failed to include the weekly $30 health insurance premium in its calculation of Father's weekly child support obligation. We affirm the trial court in all other respects.

16

Affirmed in part, reversed in part, and remanded for a recalculation of Father's child support obligation.

FRIEDLANDER, J., and PYLE, J., concur.